## PLATT GREGORY *v.* TABER.

THE *petition* by an executor for the sale of the real property of an estate must state the amount of the personal property which has come to his hands, otherwise the order of sale made by the Probate Court on such petition and the sale thereunder will be void.

It is not sufficient that the executor has filed an account of the personal property at or about the time of filing his petition for sale of the real estate. The petition itself must set forth the personal property, or the account must be referred to in the petition so as to become a part of it for the reference.

To maintain a sale of a decedent's real estate, under the order of the Probate Court, the petition for the sale must state the facts required by the one hundred and fifty-fifth section of the Act concerning the Estates of Deceased Persons. (Stat. 1850, 377.)

Although a sale of the real estate of a deceased person has been made under order of the Probate Court, and the report of such sale confirmed by the Court, and a deed ordered to be executed to the purchaser under the one hundred and seventy-first and one hundred and seventy-second sections of the Estate Act, still the sale will be void, and the title of the property sold will not pass unless the *petition* for such sale contain the averments required by section one hundred and fifty-five of that act.

The one hundred and seventy-first and one hundred and seventy-second sections have effect only upon sales made under orders which the Probate Court had jurisdiction to make, and a petition, with the averments prescribed in section one hundred and fifty-five, is essential to the jurisdiction.

Whether the Act of 1858 (Stat. 1858, 95) makes a different rule for cases of sales occurring after its passage, not decided.

APPEAL from the Seventh District.

Ejectment for one hundred and thirty-five acres of land in Contra Costa county.

The land in controversy is part of a larger tract granted in the year 1834 to Juan Sanchez de Pacheco, called the Rancho San Miguel. The grantee, Juana Sanchez de Pacheco, died in the

county of Santa Clara, in the year 1853. Frank Lightston and Joaquin Y. Castro were named as executors in her will. The will was proved and admitted to probate on the twenty-sixth day of September, 1853, and Lightston and Castro were appointed executors and qualified as such. On the twenty-fourth day of November, 1856, Lightston, one of the executors, petitioned the Probate Court for an order to sell the land to pay debts and costs. The petition avers that there is due from the estate $1,000 to Robert Allen, and $3,713 to petitioner for money advanced for expenses and commissions as executor; that there are no funds belonging to the estate in the hands of the executor, and no personal property remaining unsold; that the whole of the real estate of the deceased consists of a tract of land in Contra Costa county known as the Rancho San Miguel, containing about 11,000 acres, the value of which petitioner cannot state, and which is demised to her heirs jointly—the names of the devisees being then given, with an averment that their ages are unknown to petitioner. Prayer for a sale of a described portion of the Rancho to pay the debts named above.

This petition was filed Nov. 24th, 1856, and on the same day, whether at precisely the same time does not appear, an account of the personal estate was also filed; but the account was on a separate piece of paper and not annexed to the petition, nor referred to in it.

The hearing of the petition was set for January 12th, 1857, and notice served on the heirs and devisees. On that day the executor filed an amended petition, stating the condition of the real property of the estate, its value, and also the ages of the devisees, and the hearing was continued until the twenty-fourth of that month; and so on several times until March, when an order of sale was made.

On the trial, after proving by stipulation title to the land in the estate named, with other formal matters, and possession in defendant, claiming title to one-ninth of the Rancho by deed dated Oct. 1st, 1858, from one of the heirs of Juana Sanchez, plaintiff offered in evidence a copy of the foregoing petition and account, of the order of the Probate Court setting a time for hearing the petition, proof of service on the heirs, a copy of the order of the Court

directing a sale as prayed for, copy of a decree confirming the sale which was made and the deed from the executor Lightston to plaintiff, as also a deed of confirmation from the other executor, Castro. Defendant objected to the petition on the ground, among others, that it did not comply with the statute, and therefore gave the Probate Court no jurisdiction to order a sale. Plaintiff then rested and defendant moved for a nonsuit, which was granted.

Plaintiff appeals.

*Thomas A. Brown,* for Appellant.

I.   The jurisdiction of the Probate Court of Santa Clara county, to order a sale of land belonging to the estate, did not depend on the petition for such sale. The testatrix lived in Santa Clara county, and died there during the year 1853; her will was admitted to probate in that county, and Lightston and Castro were appointed and qualified as executors; this gave the Probate Court of Santa Clara county jurisdiction of the subject matter of her estate. (Sec. 2, Act regulating Settlement of Estates of Deceased Persons.)

And when jurisdiction of the subject matter is once acquired, it extends to the whole case, and is not lost until the administration of the estate is closed and the executor or administrator finally discharged; and all orders and decrees made by the Court in the progress of the case relative to the administration, are made in the exercise of that jurisdiction.

The grant of letters testamentary or of administration is the foundation of all the proceedings, and when administration is properly granted, the Court has jurisdiction to make all orders and decrees necessary or proper to a complete and timely settlement of the business of the estate, and the making such orders and decrees is the exercise of its jurisdiction. And in this case, when letters testamentary were granted to Lightston and Castro, the Probate Court of Santa Clara county acquired jurisdiction and power under the law, to order the executors to account, to order a sale of property, and to order the payment of debts, and to regulate the partition of the property of the estate, and to make such other orde as were necessary or proper in the exercise of the jurisdiction con-

ferred on the Court.    (Sec. 63, Act concerning Courts of Justice and Judicial Officers, Wood's Dig. 154.)

After the probate of the will and the appointment of Lightston and Castro as executors, they had the right to petition the Probate Court for an order authorizing them to sell lands, and the Probate Court had power to make such an order.    The petition and the action of the Court thereon was the exercise of that power, and if such action was not in accordance with the statute, it was error.

The whole proceeding, from the granting of letters testamentary or administration to the final decree of discharge, is but one case ; and in these proceedings every order and decree made by the Probate Court, in the progress of the case, rests for its authority upon all the proceedings in the case which precede such order or decree, and every inventory, account or exhibit filed in the case is by operation of law annexed to and becomes part of the record of the case.    And an application and order to sell land belonging to an estate to pay debts is not an isolated proceeding, but grows up as a legal consequence out of all the proceedings which have gone before.

The facts which should be made to appear to the Court to obtain an order for the sale of the real property of an estate are detailed in sections one hundred and fifty-four and one hundred and fifty-six of the Probate Act.    Section one hundred and fifty-five provides in what manner the executor or administrator shall perform his duties, and is directory merely.    The power and jurisdiction of the Court over the subject matter underlies the whole proceeding, and does not depend upon the compliance by the executor or administrator with the law in this respect.    The statute does not provide that the Court shall make no order unless this section be complied with, but does provide that upon certain facts detailed in sections one hundred and fifty-four and one hundred and fifty-six being made to appear, the Court shall make an order to show cause, etc.

Section one hundred and sixty-two provides that if the Probate Judge shall be satisfied, after a full hearing upon the petition and an examination of the proofs and allegations of the parties interested, that a sale of the whole or some portion of the real estate is necessary for the payment of the allowance of the family, and all

Gregory *v.* Taber.

valid claims against the deceased and charges of administration, or if said sale be assented to by all persons interested, he shall make an order, etc.

The authority of the executor or administrator to sell land then depends upon the fact that there is not sufficient personal property to pay debts and costs; and upon that fact being made to appear, the Court, in the exercise of its jurisdiction and general power over the subject matter of the estate, is authorized to make the order, and an averment that there is not sufficient personal property to pay debts and costs is all that is material on that point.    What amount of personal property came to the hands of the executor or administrator, and what amount has been disposed of, and what remains in his hands, would be the testimony either in support of, or to contradict that averment.

The account filed was not annexed or referred to in the petition, but it was filed in the case at the same time the petition was filed, and was before the Judge with the petition at the time the order to show cause was made; it was sworn to, and shows what disposition had been made of the personal property.    The account shows in detail what the petition states in general terms, and the account being on file in the case, was as much under the consideration of the Court as the order admitting the will to probate, or granting letters testamentary; the whole case was before the Judge and subject to his consideration with the petition.    On appeal from the order directing a sale, the appellate Court would not be concluded by the petition, but would review all intermediate orders and proceedings involving the merits and necessarily affecting the order. (Sec. 300, Act regulating Settlement of Estates of Deceased Persons; Sec. 344, Pr. Act, regulating Appeals.)    *Gregory* v. *McPherson* (13 Cal. 562) is not authority on this point.    *Bloom* v. *Burdick* (1 Hill, 135) was a construction of the New York statute which is different from our statute.

The amendment to the petition was filed and sworn to on the day appointed for the hearing.    It states, in addition to what was stated in the original petition, the ages of the heirs and devisees, and also the value of the land.

The original petition describes the land; the amendment gives

the value of the land. The original petition names the heirs and devisees; the amendment shows their respective ages. The amendment does not change the subject of the original proceeding. The quantity of the land is mentioned in the original petition; the value of the land is not material. (*Stuart* v. *Allen*, 16 Cal. 501.)

The jurisdiction of the Probate Court does not depend on the ages of the heirs. It is only proper that their ages be shown to the Court in order that guardians may be appointed if necessary. The amendment to the petition shows that each one of the minor heirs had a general guardian.

The appellant therefore submits that the Probate Court had jurisdiction :

1. To make an order for the sale of land at any time after the probate of the will and after the granting of letters testamentary, whenever it was made to appear that the personal property of the estate was not sufficient to pay the debts and charges of administration, independent of the petition.

2. That the petition for a sale of the land, when filed, became part and parcel of the whole record, and was by operation of law annexed to every petition, exhibit and account which preceded it in the case.

3. The petition in this case standing alone, independent of any other paper or proceeding in the case, substantially complies with the statute, and is sufficient.

4. The account filed in the Probate Court, at the same time and with the petition, was, and should be, allowed as a part of the petition.

If, however, the Court should be of opinion that the petition is not sufficient, still the appellant insists that the decree of the Probate Court directing a sale, the decree confirming the rule and the executor's deed, are conclusive. If the Probate Court be an inferior Court, in the technical sense of the word, the rule requiring every fact necessary to confer jurisdiction to be affirmatively proved has been changed by the statute. Sections one hundred and seventy-one and one hundred and seventy-two provide that the order directing the sale of land, and the decree confirming the sale, shall be recorded in the county where the land is situated, and shall be referred to in the deed; and that conveyances so made

shall be deemed to convey all the right, title, interest and estate of the testator or intestate in the premises at the time of his death.

The Legislature intended to put sales of this kind on the same footing as sales made under a decree in chancery or judgment of a Court of law.

The title of the purchaser under a judgment of a Court of law or a decree in chancery, is derived from the judgment or decree; and the purchaser is not required to go behind the judgment or decree in the deraignment of his title. (*Wharton* v. *Sexton,* 4 Wheat. 503–506; *Cloud* v. *Calderwood,* 12 Cal. 128; *Sinclair* v. *Jackson,* 8 Cow. 543.)

The Probate Court has general jurisdiction of the settlement of estates of deceased persons. It is a Court of record. True, it is an inferior Court; so is every other Court from which an appeal lies. Its jurisdiction is exclusive as well as general of the settlement of estates of deceased persons. Its records bear the same verity as the records of any other Court having a clerk and seal.

Letters of administration, with the orders which authorized their issuance, have always been considered *prima facie* proof of an administrator's authority, and they have been held conclusive. So with letters testamentary with the will annexed. (2 Greenl. Ev. secs. 339, 340; Cowen & Hill's Notes to Phil. Ev. part 2, p. 77; *Rills* v. *Questi,* 1 Miller's La. 355; *McCombs* v. *Dunbar,* Id. 7; *Donaldson* v. *Winter,* Id. 51; also, 3 Id. 246.)

And why should not the decree directing a sale of land, and the decree confirming such sale, carry with them the same presumption of regularity and validity? The jurisdictional questions to be determined by the Probate Court in the former case are more vital, as affecting the jurisdiction of the Court, than in the latter. Yet an order declaring that A B is appointed administrator of the estate of C D, deceased, is sufficient on that point, and is conclusive proof that the Probate Court had jurisdiction to make such order. The law presumes that all jurisdictional circumstances existed when such order was made, and that the facts, without proof of which such order would not have been made, were proved. (*Thompson* v. *Tolmie,* 2 Pet. 163; 1 Greenl. Ev. sec. 19.)

The same presumption should apply to the orders made by the

Probate Court directing and confirming the sale of land. The purchaser's muniments of title are the orders of the Probate Court and the executor's deed. The orders of the Court are conclusive until set aside by direct proceeding, or reversed on appeal. (*Lynch et al.* v. *Baxter and Wife, Admin'r*, 4 Tex. 431; *Poor et al.* v. *Boyse*, 12 Id. 440; *Grignon's Lessees* v. *Astor et al.*, 2 How. 341; *Wyman et al.* v. *Campbell et al.*, 6 Port. 220, and authorities cited and approved; *Jackson* v. *Robinson*, 4 Wend. 440; *McFail* v. *Crawford*, 12 Id. 533.)

The respondent objects that the sale of land was petitioned for and conducted, and the deed given by only one executor, when there were two executors qualified to act. The statute, sec. sixty-six, provides that letters of administration may be issued to one or more persons; and the statute does not limit the number either of administrators or executors, and the powers and the duties and responsibilities of all and each are the same. They act in their representative capacity in relation to the estate as one person, and the act of one person is the act of all. Each one is charged individually with the whole estate, and each one is required to execute a separate bond for the faithful execution of his trust.

The statute does not require all the executors to act. A part of their duties in selling land at public auction cannot rationally be performed by all of them. The duty of selling under an order of Court is ministerial. The authority to sell and make a deed, as well as the mode and manner of sale, all come from the decree of the Probate Court. The decree can be executed as well by one as a greater number. It is a judicial sale. (*Halleck* v. *Guy*, 9 Cal. 195; *Lynch* v. *Baxter*, 4 Tex. 431; *Murray* v. *Blatchford*, 1 Wend. 617; *Wheeler* v. *Wheeler*, 9 Cow. 34; Bacon's Ab. Executors and Administrators, D; Williams on Executors, 776, 810, and authorities in note.) The decree in this case directed one executor to sell.

The Court may appoint one or more executors; and why may not the Court direct one executor to sell?

One executor may petition for the sale of land; another executor may oppose the sale. What propriety is there in directing the one who has opposed the whole proceeding to join in carrying out the decree of the Court?

There is no distinction under our statute between real and personal property, so far as the extent of the executor's control of the same is concerned.   The executor has no authority to sell any of the property of the estate without an order of the Probate Court.

*John Currey,* for Respondent.

I.   The plaintiff failed to show that he had become invested with the title to the premises as successor in interest of Juana Sanchez de Pacheco.

The proceedings had in the Probate Court of Santa Clara county, for the purpose of effecting the sale of said premises, were void. (*Bloom* v. *Burdick,* 1 Hill, 130 ;   *Gregory* v. *McPherson,* 13 Cal. 574–578.)

The petition presented by the executor Lightston was insufficient to give the Court jurisdiction.   It did not set forth the amount of personal property which had come to the hands of the executors, nor the condition or value of the respective portions or lots of the real estate, of which the testatrix died seized, nor the ages of the heirs or devisees.   The statute requires that these facts must affirmatively appear, otherwise the Court does not acquire jurisdiction.   (Comp. Laws, 398, secs. 149, 399, 154–156.)

The New York statute, which controlled in the case of *Bloom* v. *Burdick,* was substantially the same as the statute governing the case at bar.   (N. Y. R. L. 450–452, secs. 23–26.)   Without a statement of the amount of personal estate that had come to the hands of the executors—not to the hands of one executor only— the Probate Court could not determine judicially of any necessity for the sale of real estate to pay outstanding debts.   (Comp. Laws, 399, sec. 156 ; *Miller* v. *Brinkerhoff,* 4 Denio, 118 ; *Smith* v. *Luce,* 14 Wend. 238, 239 ; *Ex parte Robinson,* 21 Id. 672 ; 13 How. Pr. R. 352.)

For aught that appeared by the petition presented, there had come to the hands of the executors ample personal property to pay all debts and expenses ; and such personal property, or the proceeds thereof, may, at the date of said petition, have been in the hands of Castro, the other executor ; or, in respect to it, there may have been a *devastavit.*

If an account filed can be made the substitute for a statement in the petition of facts essentially constitutive of jurisdiction, as required by sections one hundred and forty-nine and one hundred and fifty-six of the Probate Act, it can only become such substitute by being made a part of the petition. (12 How. 384, 385.) Here no reference is made to it by the petitioner.

There are instances where, in Courts of higher grade than Probate Courts, it must affirmatively appear from the complaint or declaration that the Court has jurisdiction, otherwise the Court could not acquire jurisdiction—as where one plaintiff sues a defendant in the Circuit Court of the United States. ( *Turner* v. *The Bank of North America*, 4 Dall. 8; *Scott* v. *Sandford*, 19 How. 401; *Capron* v. *Van Noorden*, 2 Cranch. 126 ; *Mc Cormick* v. *Sullivant*, 10 Wheat. 192; *Bingham* v. *Cabot*, 2 Dall, 382; *Sere* v. *Pilot*, 6 Cranch, 335 ; *Wilkinson* v. *Wilkinson*, 2 Curtis C. C. R. 582; *Fletcher* v. *Turner*, 5 McLean, 468; *Montalet* v. *Murray*, 4 Cranch, 46 ; *Sheldon* v. *Sill*, 8 How. 441.)

From these authorities, it results that the jurisdiction of Courts of limited or inferior jurisdiction must appear affirmatively, and cannot be presumed, and that all the facts requisite to confer jurisdiction must be averred and proved whenever the proceedings of such tribunals are relied on, either as a defense or cause of action. (See also, *Ford* v. *Babcock*, 1 Denio, 150 ; *Latham* v. *Edgerton*, 9 Cow. 227; *Ford* v. *Walworth*, 15 Wend. 449, 450; *Jackson* v. *Shepard*, 7 Cow. 88 ; *Jackson* v. *Esty*, 7 Wend. 148 ; *Corwin* v. *Merritt*, 3 Barb. 342, and cases therein cited ; *Townsend* v. *Gordon, ante*.)

II.    The Probate Court of Santa Clara county never became invested with power to decree a sale of the premises.    Hence the sale made to the appellant was a nullity.

The power of a Probate Court to decree the sale of real property of the estate of a deceased person, can only arise upon the happening of the contingency specified in the statute.    (Probate Act, sec. 154.)    The contingency here adverted to is a condition of the estate that must have existence before the Court can become vested with any power whatever over such real property to decree a sale thereof, and must be made manifest in the mode provided by statute.    (Probate Act, secs. 155–156.)

Gregory v. Taber.

The petition presented by the executor, Lightston, fails to set forth the essential facts. As the question was one of power, it was necessary and indispensable on the part of the appellant to establish affirmatively the existence of such power ; for only through the rightful exercise of the power delegated by the law, could the executor, with the aid of the Probate Court, divest the owners of the premises of their title thereto, and transfer it to the appellant. The authority of the Probate Court to decree a sale and transfer of the real property of a deceased person's estate, is statutory. It is a naked power, dependent on conditions precedent for its existence and exercise ; and it is a principle of the common law, as well as of natural equity, that every element constitutive of jurisdiction over the subject matter must precede its exercise. The divestiture of title, in case of an involuntary alienation of property, is wrought out from ascertained premises by means of prescribed proceedings. The premises must appear to exist, and the procedure, step by step as ordained, must be taken and completed, as conditions precedent, before the divestiture can become effectual.

The appellant's counsel argues with force in favor of giving to decrees of Probate Courts the same conclusive effect as is given to those of Courts of general jurisdiction. There are many reasons why the rule, that has been settled for more than a hundred years, on this subject should not be changed. (See 1 Smith's Lead. Cas., 5th Am. Ed. 816–817, and cases there cited.) Most of the authorities cited in the appellant's brief are authorities for the rule now established, or do not in fact apply. The judgment reviewed in *Grignon's Lessees* v. *Astor*, (2 How. 341) was of a Court of general and superior jurisdiction ; and the presumptions applicable to the judgments and decrees of Courts of superior jurisdiction, were declared by the Supreme Court of the United States to be conclusive in that case. (1 Smith's Lead. Cas. 816 ; 2 Am. Lead. Cas., 4th Am. Ed. 812 ; and 2 Com. 461.)

III. From the beginning to the conclusion of the proceedings in question, only one of the two qualified executors acted. The testatrix had a right to appoint such person or persons as she deemed proper, to administer the estate which she chose to leave her children and heirs at law. By the appointment of Castro and

Lightston as executors of said estate, and their qualifications as such, the devisees and heirs at law of the testatrix acquired a right to and interest in the service and guardianship of both such executors. Our statute nowhere authorizes one executor, when there is more than one, to usurp or take upon himself, in his name alone, the control or disposition of the real property of the estate. (Probate Act, secs. 41, 47, 105–108, 111, 112, 114–191.)

Executors are esteemed but as one person in law, representing the testator; and it is said in many cases, that the acts done by one of several executors, which relate to the delivery, gift, sale or release of the testator's goods, are to be deemed the acts of all of them; for they have a joint and entire authority as to such goods. (*Murray* v. *Blatchford*, 1 Wend. 616; *Hammon* v. *Huntley*, 4 Cow. 493; *Borgart* v. *Hertill*, 4 Hill, 492; *Wheeler* v. *Wheeler*, 9 Cow. 34.) At common law, the mere appointment of executors by the testator did not invest them with any power over the lands devised. If a testator by his will directed his executors by name to sell lands, and one of them died, the other could not sell, because the words of the testator could not be satisfied. (4 Kent's Com. 355.) A power to sell land conferred on several executors must be executed by all who proved the will. (*Wasson* v. *King*, 2 Dev. & Battle, 262; *Peter* v. *Beverly*, 10 Pet. 567; *Osgood* v. *Franklin*, 2 John Ch. 18, 19; S. C. 14 Johns. 533.)

In *Downing* v. *Rugar* (21 Wend. 182) Judge Cowen said: "The rule seems to be well established, that in the exercise of a public as well as private authority, whether it be ministerial or judicial, all the persons to whom it is committed must confer and act together, unless there be a provision that a less number may proceed." (See *Powell* v. *Tuttle*, 3 Comst. 400, *et seq.*; *McRae* v. *Farrow*, 4 Hen. & Munf. 444.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This case involves most of the facts and principles embraced in the case of *Gregory* v. *McPherson*, reported in 13 Cal. 562.

The action is ejectment, the plaintiff claiming the tract of land sued for by virtue of an executor's sale of the property as that of

the estate of Juana Sanchez de Pacheco. The defendant resisted the suit, upon the ground that the proceedings for the sale were fatally defective, and the sale void. The defects insisted on are, as in the case of *Gregory* v. *McPherson,* mainly: 1st, that two executors qualified upon Mrs. Pacheco's will, and that the proceedings were instituted and conducted by only one of them; 2d, that the petition for the sale neither sets forth the amount of the personal property which had come to the hands of the executors, nor the condition or the value of the respective portions or lots of the real estate of which the testatrix died seized, nor the ages of the heirs or devisees.

It is said that this case differs from that of *Gregory* v. *McPherson* in this, that *here* an account of the personal estate, fulfilling the requirements of the statute, was proved to have been filed at or about the date of filing the petition. But the answer is, that no such account was filed with, or as a part of, the petition. The mere fact that an account was filed, or was found among the papers of the probate proceedings, is not sufficient. It must have been referred to in the petition so as to become a part of it for the purpose of the reference. The statute is peremptory, that the facts prescribed shall be stated in the petition. By a liberal construction of this requirement, we held in *Stuart* v. *Allen* that if the petition referred to another paper on file, for the purpose of a more full and explicit statement of facts, that paper might be considered in connection with the petition, and both be taken together as a statement of all the required facts. But it is apparent that no such result could be attained, unless the petition itself made the reference. The case of *Bloom* v. *Burdick* is not opposed to this conclusion. (See 1 Hill, 185.) It seems that the New York statute of 1813 required the administrator "to accompany his petition with an account," etc. But our statute in this respect is different. It requires *the petition* to state particular facts as to the condition of the estate, and these are essential facts going to the jurisdiction. It is not sufficient that the administrator files a separate paper, not a part of or referred to in the petition, though this paper should state part of the facts which the statute requires the petition to state. If this were so, the consequence would be that a large number of

27

separate papers might be filed, each containing but a single aver-
ment, and it be contended that the whole, taken together, consti-
tuted a sufficient petition within the meaning of the statute.    It is
enough to say that, whatever the intention of filing this paper might
be, it was not made a part of the petition, and that, as the parties
interested are not presumed to have had knowledge of the filing of
it, or any reason to suspect that it was filed, their notice or that of
the Court would not probably be drawn to it on the hearing of the
petition ; nor could its statements be answered, or in any wise drawn
in issue.    In no way did it become part of the proceedings in the
case of application for the sale of the estate ; and therefore, can-
not be considered as curing the defects, or supplying the place of
the averments of the petition.

We have attentively considered the authorities and arguments on
the question of probate sales, and have reluctantly reached the con-
clusion announced in the principal opinion in *Gregory* v. *McPher-
son*—that, to maintain a sale of a decedent's real estate, under the
order of the Probate Court, it is necessary that the petition should
state the facts required by the one hundred and fifty-fifth section
of the act.

It has been urged that the statute, in the one hunded and seventy-
first-and one hundred and seventy-second sections, in effect confirms
these sales in cases where the report of the administrator is made,
and the Probate Judge confirms the sale and orders a deed to be
executed to the purchaser.    But the answer is, that the sole author-
ity and jurisdiction of the Probate Court come from the petition
with the averments required in the one hundred and fifty-fifth sec-
tion, and that, without this jurisdiction, the Probate Court has no
power to confirm the sale or impart validity to it.    If this be not so,
it would follow that the whole estate might pass without any petition,
or perhaps, even any proceedings, except an order of sale and the
order of confirmation.    No such effect was designed to be given by
the one hundred and seventy-first and one hundred and seventy-
second sections, but they refer only to sales made under orders which
the Probate Court had jurisdiction to make.

It is unnecessary to consider other points, or whether the statute of
1858 makes a different rule for cases of sales occurring after that act.

Judgment affirmed.