## BEEZLEY v. PHILLIPS.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1902.)

No. 1,614.

1. GUARDIAN'S SALE—JURISDICTION TO ISSUE LICENSE.

A guardian's sale of real estate is void in a case in which the court which issued the license to the guardian to sell the property had no jurisdiction of the subject-matter.

2. SAME—PETITION FOR SALE TO PAY DEBTS INSUFFICIENT TO GIVE JURISDICTION TO SELL FOR MAINTENANCE OR INVESTMENT.

The statutes of Nebraska provide two different modes of procedure for the sale of the real estate of a ward by a guardian,—one to authorize its sale to pay debts, and the other to authorize its sale to support the ward, or to invest the proceeds in personal property. Upon a petition sufficient to warrant a guardian's sale to pay debts, a sale was made pursuant to the course of procedure prescribed for that purpose, which was conceded to be invalid because the court failed to cause the issue and service of the statutory notice of the hearing upon the petition which was requisite to give it jurisdiction. In the procedure to sell for maintenance and investment no notice to the ward was essential, and an attempt was made to sustain the guardian's sale on the ground that it was made for the maintenance of the ward and the investment of the proceeds. Held: (a) A petition which contains only the essential allegations to warrant a guardian's sale to pay the debts of the ward does not give the district court jurisdiction, under the statutes of Nebraska, to order a sale for the maintenance of the ward or for the investment of the proceeds of the sale. (b) The petition did not contain the requisite allegations to invoke the jurisdiction of the court to license a sale for maintenance or investment; the court did not attempt to license such a sale, did not

follow the course of procedure prescribed by the statute to authorize such a sale; and the guardian's sale in question was void, because the license to the guardian was not issued by a district court of competent jurisdiction, within the meaning of section 64, c. 23, Comp. St. Neb. 1901. (Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Nebraska.

C. C. Wright (John F. Stout, on the brief), for appellant.

R. A. Batty (Harry S. Dungan, on the brief), for appellee.

Before SANBORN and THAYER, Circuit Judges, and LOCH-REN, District Judge.

SANBORN, Circuit Judge. This is a bill in equity, exhibited by Paul Beezley, a complainant in possession, to quiet the title to 160 acres of land in the state of Nebraska. In the year 1888 the defendant, Ada E. Phillips, was a minor, and was the owner of this real estate. The title of the complainant is founded upon a sale made by the guardian of the defendant to George E. Gilbert on March 24, 1888, pursuant to a license issued by the district court of Franklin county in the state of Nebraska on December 16, 1887. The question at issue is whether or not that court ever acquired jurisdiction to authorize this sale. The statutes of Nebraska empowered the district court to license a guardian to sell the land of his ward for two purposes: (1) To maintain or educate the ward, or to invest the proceeds of the sale in productive stock or interest-bearing securities (Comp. St. Neb. 1901, c. 23, §§ 42, 43); and (2) to pay the debts of the ward and the charges of managing her estate (Id. c. 23, § 105). It provided two different and independent courses of proceeding for sales for these two purposes. Chapter 23, §§ 42–66, and §§ 105–122 and 67–82. Counsel for the complainant concede that, if the sale in question was for the purpose of paying the debts of the ward, the district court acquired no jurisdiction to grant the license, because the statutory notice of the hearing upon the petition was not given. But they insist that, although the petition was ample to warrant the issue of a license to pay debts, it was also sufficient to invoke the jurisdiction of the court to authorize a sale for the maintenance of the ward and the investment of the surplus proceeds, and that, if this position is well taken, the sale was valid, although no notice was given to the ward, for the reason that the proceeding by a guardian to sell the real estate of his ward for her maintenance or for investment has been held by the supreme court of Nebraska to be a proceeding by the minor herself, the validity of which she is estopped from challenging on the ground that she received no notice of it, for the reason that she instituted and promoted it herself. Hubermann v. Evans, 46 Neb. 784, 793, 65 N. W. 1045; Myers v. McGavock, 39 Neb. 843, 861, 58 N. W. 522, 42 Am. St. Rep. 627. Conceding, without deciding, that the fact that the petition for the license to sell the real estate contains sufficient allegations to warrant a sale of it to pay debts is immaterial, and that those averments are mere surplusage, provided it also duly invoked the jurisdiction of the district court, and that court exercised

its jurisdiction to authorize the sale of the land for maintenance or investment, let us consider the question whether or not the petition is sufficient to invoke the jurisdiction of the district court to authorize a sale for the support of the ward and the investment of the proceeds. The statutory requisites of a petition to sell land of a ward to pay debts are statements by the guardian of the amount of personal and real estate that has come to his hands the amount remaining undisposed of, the debts of the ward, and a description of the real estate and of the condition and value thereof. Sections 68, 69, 105, c. 23. The essentials of a petition for a sale of such real estate for the support of the ward and the investment of the proceeds are averments of facts which show that the income of the ward is insufficient to maintain her, and that it would be for her benefit that her real estate, or some part of it, should be sold, and that the proceeds thereof should be put out at interest, or invested in some productive stock. Sections 42, 43, 47. The material allegations of the petition in this case were that the ward was the owner of the 160 acres of land here in controversy, that this tract was wild and unproductive, that there was no personal property with which to pay the debts of the estate or to support the minor, that there were debts against the estate to the amount of about $400, and that it was "necessary for the support of said minor and the payment of said debts of said estate to sell said land, and that a sale thereof and investment of the proceeds would be for the best interest of said estate." Now, if we strike out of this petition the allegations relative to the debts of the estate, it contains no averments which would invoke the action of the district court to license the sale of the land of this ward. The necessary averments to warrant such action must show that the income of the ward is insufficient to support her, or that it would be for the benefit of the ward that her real estate should be sold, and its proceeds invested. This petition contains no averment of the amount of the ward's income, or of the insufficiency of that income to maintain her; no allegation that, aside from the necessity to pay the debts, it is necessary or expedient to sell the real estate, or that it would be for the benefit of the ward that it should be sold, and its proceeds invested. The averments of the petition in that regard are all conditioned by the alleged necessity of the sale to pay the debts. The only allegations which would appeal to the court to order the sale are that the debts are $400, and that it is necessary to sell the land, not for the maintenance of the ward but to support the minor, and pay the debts; and that, in view of these debts, a sale and the investment of the proceeds would be for the best interests of the estate. A careful consideration and analysis of this petition convinces us that it was not a petition for the sale of the real estate of this ward for her support, or for the investment of the proceeds in interest-bearing securities. It was a petition for the sale of her land to pay the debts of the estate. It did not invoke the jurisdiction of the district court for the former purpose and it clearly did so for the latter. This view of the purpose and effect of the petition is confirmed by the facts that the district court so understood it and that it never undertook to exercise its jurisdiction to license a sale for maintenance or investment, but took all its action on the theory that the petition was for a sale to pay debts.

In the proceeding to sell to pay debts the order to show cause why the license should not issue is required to be directed to all persons interested in the estate. Section 69. In the proceeding to sell for maintenance and investment the order is to be directed to the next of kin of the ward and all persons interested in the estate. Section 48. The district court directed the order in this case to all persons interested in the estate. In the proceeding to sell to pay debts the statute authorizes the court to grant the license if it is satisfied after the hearing that a sale of the real estate is necessary to pay the just debts of the ward and the expenses of managing her estate, or if such sale be assented to by all persons interested; and it permits the guardian with the approval of the judge to give a credit of not exceeding three years for three-fourths of the proceeds of the sale. Sections 79, 86, 105. In the proceeding to sell for maintenance and investment the statute authorizes the issue of the license if it appears to the court that it is necessary, or would be for the benefit of the ward, that the real estate should be sold. It requires the court to specify in the order of license whether the sale is made for the maintenance of the ward, or for her education, or in order that the proceeds may be put out at interest, or invested in productive stock; and it contains no permission to allow any credit for the payment of the purchase price. Section 53. The order of license in this case recited that it appeared to the court that the debts of the estate were $325, that the costs and expenses of administration would be $75, that the ward had no personal estate, that the land was unimproved and unproductive, that it was for the best interest of the estate that this real estate should be sold, and that the balance of the proceeds after the payment of the debts and expenses of administration should be invested, and that no person interested in the estate had given a bond to pay the debts and expenses. After these recitals this order licensed and empowered the guardian to sell the land here in question for a purchase price one-fourth of which should be paid in cash and the remaining three-fourths in three years, with interest at 7 per cent. There was no recital in the order that it appeared to the court that it was necessary, or that it would be for the benefit of the ward, that the land should be sold. Nor did this order specify that the sale was made for the maintenance of the ward, or for her education, or in order that the proceeds might be put out at interest, or invested in productive stock. This brief comparison of the proceedings in the district court with the methods of procedure prescribed by the statutes for guardians' sales to pay debts and to support wards and invest proceeds proves conclusively that in this case the district court never exercised, nor undertook to exercise, its jurisdiction to license the sale of this land for maintenance or investment. The only proceeding that the petition warranted the commencement of, and the only proceeding that was instituted by it, was the statutory proceeding to sell the land to pay the debts of the ward and the expenses of managing her estate. And, as counsel for the complainant admit that the district court never acquired any jurisdiction of that proceeding, the conclusion is irresistible that that court was without jurisdiction to license the sale for any purpose, and the guardian's deed of the

property, upon which the title of the complainant is founded, was un-authorized and is void.

Other objections to the title of the complainant have been presented and argued, but that which has already been considered is fatal to his title, and is decisive of this case. No good purpose would be served by the prolongation of this opinion to consider and discuss other questions.

The decree below must be affirmed, and it is so ordered.