REINA v. BRACHO et al.

(Circuit Court of Appeals, Fifth Circuit. March 25, 1919.)

No. 3298.

1. PARTITION ☞19—POSSESSION TO SUSTAIN ACTION.
    Bill for partition or sale for division, even if it can be made the means of trying a disputed title, cannot be maintained, possession not being in any of the parties, but in the government under a claim of right.

2. ACTION ☞62—DECLARATION OF RIGHTS—PREMATURE ACTION.
    Bill for adjudication of asserted right to a fund is premature, the fund not yet having come into existence, and it not being known whether, if it shall come into existence, claimant will need any relief in addition to that of the tribunal by action of which it will come into existence, and with which claimant has filed a claim for his asserted interest in the fund.

Appeal from the District Court of the United States for the Canal Zone; William H. Jackson, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] 23 Sup. Ct. 611, 47 L. Ed. 721.

Suit by Tomas Reina against Beatriz Bracho and others. Bill dismissed, and complainant appeals. Affirmed.

Stevens Ganson, of Panama, R. P., and Chauncey P. Fairman, of Cristobal, C. Z., for appellant.

William C. MacIntyre and W. H. Carrington, both of Cristobal, C. Z., Joseph W. Montgomery, U. S. Atty., of New Orleans, La., Frank Feuille, of Ancon, C. Z., and Walter F. Van Dame, of Balboa Heights, C. Z., for appellees.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a bill in equity filed by the appellant against the appellees, 11 individuals and the Panama Railroad Company, a corporation. The bill prayed the division or partition of described lands, in which the appellant claimed a one-eighteenth interest; that, in case the division or partition of said lands cannot be made without manifest prejudice to the parties interested, said lands be sold and the proceeds thereof be distributed between the parties according to their respective interests; for an accounting of rents and profits; and for general relief.

It was admitted that prior to the filing of the bill the lands mentioned in it had been taken possession of by the United States pursuant to an executive order issued by the President under the authority conferred on him by section 3 of the Panama Canal Act of August 24, 1912, c. 390, 37 Stat. 561 (Comp. St. § 10039), which is as follows:

"The President is authorized to declare by executive order that all land and land under water within the limits of the Canal Zone is necessary for the construction, maintenance, operation, sanitation, or protection of the Panama Canal, and to extinguish, by agreement when advisable, all claims and titles of adverse claimants and occupants. Upon failure to secure by agreement title to any such parcel of land or land under water the adverse claim or occupancy shall be disposed of and title thereto secured in the United States and compensation therefor fixed and paid in the manner provided in the aforesaid treaty with the Republic of Panama, or such modification of such treaty as may hereafter be made."

The bill averred that the lands have been or are about to be expropriated for a public use, and that the plaintiff had joined with others in filing a claim, based upon the asserted interest, with the Joint Commission created pursuant to article 6 of the Panama Canal treaty for the appraisal and settlement of—

"all damages caused to the owners of private lands * * * by reason of the grants contained in this treaty or by reason of the operations of the United States, its agents or employés, or by reason of the construction, maintenance, operation, sanitation and protection of the said canal or of the works of sanitation and protection herein provided for."

[1] The special relief sought is either a partition, or a sale for division of the proceeds, of lands not in the possession of any party to the suit, but in the possession of the United States under a claim of right. So far as such relief as that mentioned is concerned the subject-matter of the suit is not brought within the grasp of the court,

so as to be subject to its orders, the sole possessor of it under a claim of right not being a party to the suit. It affirmatively appears that the appellant is not a cotenant of the party in possession. Even if a bill for partition, or for a sale for division, could be made the means of trying a disputed title (Clark v. Roller, 199 U. S. 541, 26 Sup. Ct. 141, 50 L. Ed. 300), a court could not, in a suit between private parties, render an enforceable decree for the partition or sale of property in the possession of the Government under a claim of right. The granting of such relief requires that the lands to be partitioned or sold be in the possession of a party or parties brought before the court. The absence from the suit of a party whose presence is indispensable to the granting of such relief therein is a sufficient justification of a denial of such relief. Barney v. Baltimore City, 6 Wall. 280, 18 L. Ed. 825; Greeley v. Lowe, 155 U. S. 58, 15 Sup. Ct. 24, 39 L. Ed. 69.

[2] The bill does not aver the existence of a state of facts constituting a basis for an adjudication as to an asserted right of the appellant to share in a fund awarded as damages for the taking of the lands by the government or as compensation for their expropriation. It is not shown that any such fund is in existence. On the contrary, it is disclosed that the claim of the appellant based upon the existence of his asserted interest in the lands is pending and undetermined before another tribunal having exclusive jurisdiction to pass upon it. A judicial controversy is premature when it is started before the subject-matter of it has come into existence and before it is known whether, if it shall come into existence, the claimant will need any relief in addition to that given by the tribunal the action of which brings it into existence. It is not yet known whether there will be any fund that could be dealt with by the orders of the court at the instance of the appellant, or that, if there shall be such a fund, there will be any occasion for granting relief to the appellant with reference to it.

The averments of the bill do not show that the appellant is entitled to the relief sought or any part of it.

The decree is affirmed.