## LeFLORE v. STEEN et al.

No. 13253—Opinion Filed July 14, 1925.

Rehearing Denied Jan. 18, 1927.

1. **Appeal and Error—Presumption of Appraisement in Guardian's Sale to Support Validity.**

In a guardian's sale of real estate at private sale, appraisement is necessary before the order of confirmation, and where sale is made, under orders of the county court, and deed is executed, and suit is thereafter brought to cancel the deed and sale proceedings, and there is no issue tendered as to the appraisement in the trial court, and the record is silent as to whether or not there was an appraisement before the date of order confirming the sale. in the county court, and the question is raised for the first time on appeal, the presumption in favor of the appraisement must be indulged, and the record presents no question for this court to consider.

2. **Guardian and Ward — Indians—Guardian's Sale of Restricted Allotment—Invalidity.**

The guardian of a one-eighth Choctaw Indian by blood filed and presented to the county court of Bryan county, July 10, 1908, a petition to sell the surplus allotment of said minor for support and investment, and the court made an order on same day finding the sale necessary and setting August 8, 1908; for hearing the allegations of the petition on the proof and directing notice be given as by law provided, and on said date the court made an order of sale authorizing the guardian to sell the land which was accordingly done and by the court confirmed, and deed executed. Held, the land described in the petition to sell was subject to the restriction imposed by the Acts of Congress and which were not removed by the Act of May 27, 1908, till July 26, 1908. Held, further, that the status of the facts as they existed and as stated in the petition at the time the petition was first presented to the court and filed determines the jurisdiction of the court over the subject-matter of the sale proceedings. Held, further, the court was without jurisdiction to authorize the sale or to confirm it and the deed executed by the guardian was void upon the face of the record.

(Syllabus by Threadgill, C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Choctaw County; E. Lester, Assigned Judge.

Action by Viola LeFlore against C. C. Steen, Edward R. Holmes and Ralph W. Holmes, partners, doing business under the firm name and style of R. E. Holmes & Son. Judgment for defendants, and plaintiff brings error. Reversed.

R. J. Stanley and Ames, Lowe & Richardson, for plaintiff in error.

Calvin Jones, L. R. McQueen, A. A. McDonald, and A. W. Trice, for defendants in error.

Opinion by THREADGILL, C. The plaintiff in error was plaintiff and defendants in error were defendants in the trial court, and for brevity they will be referred to herein as they appeared in the trial court.

The plaintiff brought suit against the defendants for possession of the S. W. ¼ of section 14, T. 6 S., R. 13 E., in Choctaw county, for rents and profits and damages, and to cancel a guardian's deed to defendant Phillips, and deed from Phillips to defendant Steen, and mortgages from Steen to defendants Holmes & Son, and to quiet title.

As grounds for the action, plaintiff alleged that she was a one-eighth Choctaw Indian, Roll No. 13534. That on the 1st day of January, 1908, she was a minor and reached the age of 18 years in August, 1920. The land in controversy was her surplus allotment patented to her by patent, signed by Chief of Choctaw Nation, August 30, 1905, and Governor of the Chickasaw Nation, October 4, 1905, and approved by the Secretary of the Interior November 18, 1905. That her guardian filed petition in Bryan county, where the guardianship was pending, July 10, 1908, to sell her said surplus allotment, and said county court on July 10, 1908, issued notice to hear the petition on August 8, 1908, and on this date, made a decree of sale directing the guardian to give notice and sell the land at private sale, and, thereafter, the guardian made the sale for $620. That at the time the petition to sell was filed, and an order to hear the same was issued, the said land was under the restrictions of the

Act of Congress of July 1, 1902, and section 16 thereof, which provided that one-fourth acreage of the surplus allotment was alienable in one year from date of patent and one-half in three years and the balance in five years, and at the time the petition to sell was filed and the order to hear the same was issued, only one-fourth of said allotment was subject to sale. That the act of May 27, 1908, removing restrictions from all her surplus allotment did not become effective until July 27, 1908. That the county court was without jurisdiction to consider the petition to sell at the time the same was filed and was without jurisdiction to issue notice to hear the same on August 8, 1908, and was, therefore, without jurisdiction to decree the sale on said date.

The defendants admitted the facts of the age and blood of plaintiff and dates and facts of the guardian's sale, and there was no controversy as to the patent, census card, guardian's petition to sell the land, notice of hearing same, decree of sale, return of sale and order confirming the sale; and guardian's deed and other deeds and mortgages introduced show chain and extent of title, so the question involved became one of law for the court, and while a jury had been selected to try the facts, the court directed the verdict for the defendants and entered judgment accordingly, and plaintiff brings the case here for review and reversal.

1. There are several assignments of error stated, but plaintiff relies upon only two. The first one is that the "guardian's deed is void because the land was ordered sold at private sale and the record fails to show that the land was ever appraised." This is a proper statement of the law if the facts were sufficient to make it applicable. Section 1280, Comp. St. 1921, provides:

"No sale of real estate at private sale shall be confirmed by the court unless the sum offered is at least 90 per cent. of the appraised value thereof, nor unless such real estate has been appraised within one year of the time of such sale. If it has not been so appraised, or if the court is satisfied that the appraisement is too high or too low, appraisers must be appointed, and they must make an appraisement thereof in the same manner as in case of an original appraisement of an estate. This may be done at any time before the sale or the confirmation thereof."

The appraisement provided for here is held to be mandatory and jurisdictional and applicable to guardian sales. Oklahoma Portland Cement Co. v. Winters, 77 Okla. 36, 186 Pac. 467. If there was no appraisement of the plaintiff's land before the sale was confirmed, the order confirming and the guardian's deed based thereon would be void and plaintiff would be entitled to judgment on this ground alone. But in order to avail herself of this right, the lack of appraisement must affirmatively appear. Welch v. Focht, 67 Okla. 275, 171 Pac. 730. We have examined the record carefully, and there is nothing in the pleadings or the evidence introduced, or facts admitted, that tends to show there was no appraisement of the land before the sale proceedings were commenced or after they were commenced. We cannot say what the county court's record in the case shows, since it appears that only parts of such record were introduced in evidence, and we are unable to find any proof that an appraisement was not made. We must, therefore, hold that while plaintiff's statement of the law is correct in her proposition, there are no facts upon which to base the application of the law as stated.

2. Plaintiff's second assignment is that the guardian's deed is void because the land was inalienable at the time the petition for order of sale was filed, and the court, therefore, acquired no jurisdiction of the proceedings. We think it must be conceded, under the undisputed facts in the case, that by the Act of Congress of September 25, 1902, only one-fourth of plaintiff's surplus allotment was alienable at the time her guardian made application to the county court to sell the entire allotment, which was July 10, 1908, and the said allotment was not subject to sell under the Act of Congress of May 27, 1908, until July 26, 1908. The first question is whether or not the petition asking to sell this allotment, which was inalienable at the time, was sufficient to authorize the court to make the decree of sale on August 8, 1908, after removal of the restriction by Act of May 27, 1908. The question is one of jurisdiction. Referring to the statutes, we find two hearings provided for, without notice is waived. Section 1470, Comp. St. 1921, provides:

"To obtain an order for such sale, the guardian must present to the county court of the county in which he was appointed guardian a verified petition therefor, setting forth the condition of the estate of his ward, and the facts and circumstances on which the petition is founded, tending to show the necessity or the expediency of a sale." Eaves v. Mullen, 25 Okla. 679, 107 Pac. 433.

Section 1471, id., provides as follows:

"If it appear to the court or judge, from the petition, that it is necessary or would be beneficial to the ward that the real or per-

sonal estate, or some part of it should be sold, or that the real and personal estate should be sold, the court or judge must thereupon make an order directing the next kin of the ward, and all persons interested in the estate, to appear before the court, at a time and a place therein specified, not less than four nor more than eight weeks from the time of making such order, unless notice is waived, as provided in the next section, to show cause why an order should not be granted for the sale of such estate. If it appear that it is necessary or would be beneficial to the ward to sell the personal estate or some part of it, the court must order the sale to be made."

The order provided for, at this hearing, is made a notice to be given by posting, personal service, and by mailing and by publication under the next section. Section 1473 of same statute is as follows:

"The county court, at the time and place appointed in the order, or such other time to which hearing is postponed, upon proof of the service or publication of the order, must hear and examine the proofs and allegations of the petitioner and of the next of kin, and of all other persons interested in the estate who oppose the application."

We think it is clear from these two provisions of the statutes that the first hearing and order made must be confined to the facts stated in the petition, and for the purposes of the order, the facts stated are taken as true, and the second hearing is on the proofs as to whether or not the facts stated in the petition are true. In the second hearing, the issues may be joined on the petition and amendments made, as in any other case before the court, provided the amendments do not change the legal status of the parties or the subject-matter of the hearing.

For the purpose of showing when jurisdiction attaches in guardianship sale, the parties, in their briefs, have taken up considerable time in discussing when the petition is presented to the court calling for judicial action. The first section of the statutes, above quoted, requires that the petition to sell must be presented to the county court; it does not say filed, but must be presented, in order to obtain the first consideration. The provision for an administrator's sale (section 1369, Comp. St. 1921) throws some light on the meaning here; it provides that "if it appears to the court or judge, from such petition, that it is necessary to sell", etc., "such petitions must be filed and an order thereupon made," indicating that the filing comes between the hearing and the order made. It, therefore, appears that it is not the filing of the petition that makes a cause pending in a guardian's or administrator's sale, but the presentation to the court of the application to sell, and this application must state sufficient facts to bring the property to be sold within the judicial cognizance of the court, that the court may not only find it necessary for the best interest of the ward or estate to sell, but that the court may find something to sell. It may be said that there is a presentation of the petition to sell on the second hearing, which is called a "full examination" in section 1476 of the sale procedure, but we cannot see how or on what theory jurisdiction could attach in this hearing by the presentation of the petition to sell, when jurisdiction had failed on the presentation of the same petition in a prior hearing. The question seems to be elementary. In an action for divorce, on the ground of desertion, it will not be contended that if the petition is filed before the time is complete to constitute the cause, and the petition is presented to the court after the time is complete, that the court would have jurisdiction of such matter to render a decree of the divorce. If a suit was brought on a note before same was due, the court would not have jurisdiction to render a judgment, on the facts stated in the petition, showing the action prematurely brought although the note became due after the petition was filed and was due at the time the court heard the case, In case of Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718, Justice Branson, speaking for the court, lays down the following rule:

"In order to give the county court jurisdiction to enter an order of sale of real estate belonging to a minor, a verified petition must be filed by the guardian, setting forth the condition of the estate, and pleading such facts as show or tend to show the necessity for the sale of the real estate on one or more of the grounds set out in the statute."

The sixth paragraph of the syllabus states the case and lays down the rule, which seems to be almost if not quite applicable to the case at bar, as follows:

"The act of Congress of May 27, 1908, entitled 'An act for the removal of restrictions from part of the lands of allottees of the Five Civilized Tribes, and for other purposes,' expressly provided in section 4 thereof that the lands from which restrictions were thereby removed should not be subject to any personal claim or demand arising prior or to the removal of restrictions therefrom, and where F., as guardian of D., a minor citizen of the Seminole Tribe of Indians, of one-quarter blood, petitioned on March 10, 1908, the county court of Seminole county to sell said land for the purpose of paying an indebtedness contracted in December, 1907,

the county court on April 4, 1908, entered the order authorizing the guardian to sell said real estate, held. that the county court had no power to order the allotted lands of the said minor sold at the time for any purpose, and said order was void; and that the deed made in pursuance thereof conveyed no estate to the grantee therein named."

In the body of the opinion, the court cites and quotes with approval the rule stated in an early California decision, Fitch v. Miller, 20 Cal. 381, as follows:

"In order to render the sale effectual to confer a valid title, the probate court must have acquired jurisdiction of the case, by the presentation of a proper petition by the guardian."

It is true the exact question before us in that case was not decisive, but the order of sale being made before the Act of May 27, 1908, went into effect, was held to be the decisive question, but the reasoning of the court and the inference to be drawn from the principle stated and authorities cited is that the facts set forth in the petition must show jurisdiction at the time the petition is first presented to and filed with the court, and, if the petition does not state jurisdictional facts in esse, at that time, such facts cannot be stated by way of amendment where they come into being after the cause was first stated and presented or filed with the court.

In the case of Reader v. Farriss, 49 Okla. 459, 153 Pac. 678, the court lays down this rule, which we think is applicable to the case at bar:

"If, on the facts stated in the petition, no cause of action exists against the defendant, and no relief can be granted against him on those facts, subsequently occurring facts cannot be made a part of the plaintiff's case, and he will not be permitted to file a supplemental petition alleging such additional facts to enable him to maintain the action which he has instituted, as the office of a supplemental complaint is not to supply facts which, being necessary to the maintenance of the action, have been omitted from the original complaint, but is to bring into the record new facts which will enlarge or change the kind of relief to which the plaintiff is entitled, and enable the court to render a final judgment upon the facts existing at the time of its rendition."

See, also, the following cases: Kerr, County Clerk, v. State ex rel. Wimbish, 33 Okla. 110, 174 Pac. 284; Smith v. Smith, 22 Kan. 699; Lewis v. Fox (Cal.) 54 Pac. 823; Scott v. Fowler, 14 Ark. 427; Cloud v. Barton, 14 Ala. 347; Beazley v. Phillips, 117 Fed. 105; Rucker v. Tenn. Coal, Iron & R. Co. (Ala.) 58 South. 465; Lawson v. Acton (N. J.) 40 Atl.

584; Reina v. Bracho, 256 Fed. 834; American Bonding & Trust Co. v. Gibson, 145 Fed. 871; Platt Gregory v. Tabor, 19 Cal. 397; Pryor v. Downey, 50 Cal. 388; Bank of Chelsea v. School Dist. No. 1, 62 Okla. 185, 160 Pac. 809; 11 R. C. L. page 326. sec. 380; Eaves v. Mullen, 25 Okla. 679, 101 Pac. 433; Sockey v. Winstock, 43 Okla. 758, 144 Pac. 372; Burton v. Compton, 50 Okla. 365, 150 Pac. 1080; Roth v. Union Bank of Bartlesville, 58 Okla. 604, 160 Pac. 505; Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907; Gaines v. Montgomery, 82 Okla. 275, 200 Pac. 219.

3. The defendants, to sustain the judgment of the court, contend that the land in controversy was the surplus allotment of the plaintiff and the petition to sell described her as less than one-half blood, and her patent as having been issued for two years, and this was sufficient to show the court that one-fourth of the surplus was unrestricted by the Act of Congress of July 1, 1902, and. therefore, the court had jurisdiction of a part of the subject-matter described in the petition, which resulted in full jurisdiction on August 8, 1908. We would be disposed to favor this contention as to jurisdiction in part, that is, that the petition was sufficient to give the court jurisdiction of 40 acres of the land described, if there had been any indication in the description to designate and sever from the whole tract a particular 40 for this purpose. The Act of September 25, 1902, providing for removal of restrictions from and alienation of the surplus allotment of less than one-half blood Indians, one-fourth in acreage in one and three years, and balance in five years from date of patent, contemplated an option for such purpose on the part of the allottees. Before any part of this allotment was alienable, it was necessary for the Indian, desiring to sell, to select the part for this purpose. No other person could make the selection. It was a right peculiar to the allottee, and no person except the allottee or his legal representative could exercise the right, and without the exercise of this option selecting the particular tract to be alienated, there could be no alienation. If the allottee sold all the allotment when he could only sell 40 acres, the whole sale would be void for lack of an option exercised, on the part of the allottee, making the units independent of each other. This is in conformity with the rule laid down in 1 Bailey on Jurisdiction, and quoted with approval by this court in Roth v. Union National Bank of Bartesville, 58 Okla. 604, 160 Pac. 505, as follows:

"A court must proceed and determine within the limits of the power conferred. If it

renders a judgment in an action or proceeding, where jurisdiction has attached, that it was not authorized or empowered to render at all, such judgment or decree is in excess of its jurisdiction, and for that reason a nullity. So, if it render a judgment or decree which is within its authority as to part only. but includes also that which is not within its power, the excess will be a nullity, and if the valid and invalid parts are independent of each other, the whole will not be void, but only such part as is in excess of the powers of the court."

We, therefore, conclude that since there was no selecting of the 40 acres or any part thereof, as free from restrictions, from the whole 160 acres, described in the petition as the surplus allotment of the minor, but all the land was described as one tract, there was no fact stated to invoke the jurisdiction of the court to sell the land or any part of it so described.

4. Defendants further contend that there was no proof that the petition to sell was filed and presented to the county court before the date the order of sale was made August 8, 1908, and no proof as to the contents of the said petition, because such instrument was not introduced in evidence. We do not think this correct. Plaintiff's petition mentioned the guardians petition to sell and quoted from it, and stated the facts it contained, and defendants' answer pleaded the petition and the sale proceedings and attached a copy of the said petition, as a defense, and plaintiff did not deny the petition as pleaded by the defendants or other copies of the sale proceedings. She filed her reply, but the same was not verified. It contained only a general denial. It was therefore admitted by the parties to the suit that the guardian's petition to sell the land contained the facts as stated in plaintiff's petition and as contained in the petition attached to defendants' answer. The facts as to the petition were admitted in the opening statements of the parties and the said petition was before the trial court in passing on the question of law as to whether or not the evidence was sufficient to go to the jury, and the court held that it was not sufficient and instructed a verdict for the defendants. We do not think there is any merit in defendants' contention on this point.

Defendants further contend that plaintiff's action is a collateral attack upon the sale proceedings in the county court and the presumption must prevail in favor of the judgment. One of the presumptions insisted upon is that the guardian's petition to sell was filed or refiled and presented to the county court on August 8, 1908, the day the order of sale was made. The facts were undisputed, as above stated, and the question of jurisdiction was a question of law for the court to determine, and since the petition to sell was pleaded by defendants and the facts stated in it, and as to when it was first presented to the county court, were pleaded by the plaintiff and the copy attached to defendants' petition was not denied by plaintiff and the same shows upon its face that it was sworn to on May 5, 1908, by the guardian and filed on July 10, 1908, the day on which the first order was made, and no other file marks being on the same, the presumption contended for by defendants is not tenable. Nor does the fact that the county court, in the order of sale, stated that the guardian presented the petition in due form praying an order authorizing the sale, bring the contention of defendants within the rule of McMitt v. Turner, 21 L. Ed. 841, U. S. Supreme Court, cited by the defendants, and which provides:

"Acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter."

This rule cannot be applied to the facts we are confronted with here for the reason the record is complete and speaks for itself and there is no ground for presumption as to when the petition to sell the land was filed and presented to the court.

As we view the record in this case, the petition presented to the county court on July 10, 1908, restricted Indian land for sale, and stated necessity for the sale, and the court took authority to make an order finding it necessary to sell the land, and set a day for further consideration of the matter, and the petition as presented and filed July 10, 1908, was jurisdictional under all the well-considered decisions of this court from Eaves v. Mullen, supra, down to the present time, and there is nothing new to add, in passing on the question raised, except that the guardian's petition to sell the land of his ward is not only necessary to set in motion the judicial acts of the court, but that the status of the facts stated in the petition at the time the same is first presented to the court is controlling as to whether or not the court has jurisdiction of the subject-matter, and as the record in this case shows that the land described in the petition was restricted, we must hold that the sale proceedings were void on the face of the record. The judgment of the court should be vacated and reversed for new trial.

By the Court: It is so ordered.

Note.—See under (1) 28 C. J. p. 1182, §316 (1926 Anno). (2) 28 C. J. p. 1176, §300; p. 1177, §304.