## THOMPSON *et al.* v. WILKINSON *et al.*

No. 4291. Opinion Filed April 27, 1915.

(148 Pac. 177.)

1. **APPEAL AND ERROR—Findings of Fact—Trial by Court—Evidence.** Where a jury is waived, and issues, both of fact and law, are by consent submitted to the trial court, its finding will not be reviewed by this court, if there is evidence to sustain it.

2. **VENDOR AND PURCHASER—Contract—Withdrawal—Option.** Where an option is given to purchase property without consideration, it may be withdrawn at any time before performance, but this rule does not apply to a contract where the vendee binds himself to buy and the vendor to sell.

3. **VENDOR AND PURCHASER—Contract to Purchase Land—Option.** Where, in a contract to purchase land, the vendee agrees to pay the price when an order is obtained from the county court to sell the lands of certain minors, but the contract contains the further provision that such action by the county court shall be had in a reasonable time, or in three months, **held,** that such provision will be construed in connection with the agreement to pay the price, that is, within a reasonable time, or within three months.

4. **VENDOR AND PURCHASER—Rights of Grantee—Priority—Actual Notice.** Where a deed to the plaintiff was recorded prior to the deed to the defendant in error, but the court found that the plaintiff in error took the deed with actual notice of the rights of the defendant in error, **held,** under the provisions of section 888, Wilson's Rev. & Ann. St. 1903, the plaintiff in error took subject to the rights of the defendant in error.

5. **OPERATION OF STATUTE.** The question is not decided what effect, in such case, the amendment to section 888 by section 1154, Rev. Laws 1910, will have.

(Syllabus by Devereaux, C.)

*Error from District Court, Nowata County;*

*T. L. Brown, Judge.*

Action by Sam F. Wilkinson and another against Jesse B. Thompson and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

This was an action to quiet title to a certain tract of land in Nowata county. On October 5, 1911, Jesse B. Thompson, one of the plaintiffs in error, executed to the defendants in error a contract for the sale of the land in dispute, which is, in substance, as follows: That the said Thompson agrees to sell and make a perfect title, except oil and gas lease (to the lands in dispute in this action) to the defendants in error herein for the sum of $900; that said Jesse B. Thompson should deposit a deed for this land, signed by himself and wife, in the Bank of Stillwell, with a copy of this contract, this deed to be held in the Bank of Stilwell until Jesse B. Thompson probates and makes perfect title, except oil and gas lease, on certain lands belonging to his minor children, of whom he was the guardian, and agrees to sell these lands belonging to his minor wards to the defendants in error herein for the sum of $22.50 per acre, when the proper proceedings should be had in court authorizing him to do so, which should be done in a reasonable time, or within three months from the date of the contract. The contract further provides that should defendants in error so desire, they can pay into the Bank of Stilwell, the holder of the contract and deed in escrow, the sum of $900 upon which the deed for the land in dispute should be delivered to them. This part of the contract which is particularly questioned in this case is as follows:

"Or if parties of the second part shall elect, the said deed from party of the first part, to parties of the second part may be left in the Bank of Stillwell, until said Jesse B. Thompson, probates and makes perfect title to the said minor's land, and issues guardian deed to parties of the second part, with abstracts of title, and then at that time parties of the second part shall pay into the bank the full amount of money due said party of the first part for his individual land, and his minor ward's land in cash (less abstracts and taxes due on said lands) and that said bank shall turn over all deeds, individual deed of Jesse B. Thompson, and wife, and Jesse B. Thompson, as guardian of the above-named minors. Said parties of the second part understand said party of the first part has land rented until October 1st, 1912, and they are not to be given possession until that time,

unless they make an arrangement with said renter living on said land separately.

"Any and all oil and gas rentals accruing and becoming due from now on shall be turned over to said parties of the second part on October, 1911, on both the adults part and minor part of the land.. Said Jesse B. Thompson, as guardian of the minor ward land, shall pay expense of probating and selling said minor ward land through the county court, and furnish transcript of same.

"No other contract different from this shall ever be claimed or recognized by either party of the first part."

In pursuance of this contract the deed for the land in dispute was executed and was placed in escrow in the Bank of Stillwell on October 17 or 18, 1911, and on the evening of the 24th or the morning of the 25th of October, 1911, the defendants in error paid the purchase price to the bank of Stillwell, the depository, but the Bank of Stillwell had been notified by Thompson not to deliver this deed to the defendants in error, or to accept any money from them on October 22 or 23, 1911, as Thompson was not going to carry out the trade. On October 25, 1911, Thompson and wife executed a deed for this land to the plaintiff in error, W. P. Patterson, for the recited consideration of $2,000, which deed was recorded on October 26, 1911, one day prior to the deed from Thompson to the defendants in error. A jury was waived by both parties in open court and the questions, both of law and fact, submitted to the court, with a request that the court make special findings of fact. After finding the facts substantially as above recited, except as to the notice given to the Bank of Stillwell not to turn over the deed, on which no finding is made, in the fifth finding of fact the court finds:

"That Jesse B. Thompson and Mary C. Thompson, his wife, executed to W. P. Patterson a warranty deed to said land on a day subsequent to the time plaintiffs had fulfilled their agreement by putting the said sum of $900 in the Bank of Stillwell, and that at the time the defendant W. P. Patterson received said deed the said W. P. Patterson had full knowledge of the conditions of the title, and that he took the alleged title from the

said Jesse B. Thompson and Mary C. Thompson, his wife, with full knowledge of the rights of the plaintiffs herein, and in violation of the rights of the plaintiffs, and by the acceptance of the said deed the said W. P. Patterson, one of the defendants herein, received no right, title, or interest in and to said lands."

Upon these facts the district court entered a decree, quieting the title to the land in dispute in the defendants in error, and cancelling the deed to W. P. Patterson.

*R. Y. Nance*, for plaintiffs in error.

*W. A. Chase* and *George B. Schwabe* and *O. C. Hough*, for defendants in error.

DEVEREUX, C. (after stating the facts as above). It is a well-settled rule in this state not requiring the citation of authority, that where there is evidence to support the findings of the trial court, where the cause is submitted to him to try both the issues of law and fact, his finding will not be disturbed. There was evidence in the record that the $900 was deposited in the bank of Stillwell to take up the deed for this land on the evening of the 24th or the morning of the 25th of October, 1911. The date of the deed to Patterson was October 25, 1911. Whether this money was deposited prior to the date of the deed to Patterson was a question of fact to the court. He saw the witnesses and heard the oral testimony, and, there being evidence to support his finding, it will not be disturbed by this court. This finding of the court also is direct that Patterson took the title from Thompson with actual notice of the rights of the defendants in error herein. It is true that the deed to Patterson was recorded prior to the deed of the defendants in error, but at the time this case was tried, the law in force in this state in regard to the recording of instruments (Wilson's Rev. & Ann. Stat. 1903, sec. 888) provides:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto;

but no deed, mortgage, contract, bond, lease, or other instrument relating to real estate other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid * * * against third persons unless acknowledged and recorded as herein provided; except, actual notice to such third persons shall be equivalent to due acknowledgment and recording."

This statute was altered in Revised Laws of 1910, sec. 1154, by omitting therefrom the words "except, actual notice to such third persons shall be equivalent to due acknowledgment and recording." However, the laws of 1910 did not come into effect until May, 1913, and therefore can have no bearing upon the question under consideration.

It is not necessary to decide, nor do we decide, what effect the omission of these words would have in case a party, having notice of a prior unrecorded deed, puts his deed on record first. This question is left open until it shall be directly presented.

The district court having found that the purchase money for this tract of land was paid by the defendants in error to the Bank of Stillwell prior to the date of the deed to Patterson, and having further found that Patterson took with actual notice of the defendant in error's rights, the judgment will have to be affirmed.

It has been decided, in a long line of cases, that one who proceeds with knowledge of such facts as will put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith and is chargeable with actual notice. *Cooper v. Flesner*, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180; 20 Ann. Cas. 29; *Herbert v. Wagg,* 27 Okla. 674, 117 Pac. 209. A multitude of cases could be cited to support this proposition, but it is so well settled as to become axiomatic that one who takes with notice of an equity takes subject to that equity.

It is argued by the plaintiff in error that the provisions of this contract, by which the defendants in error reserve the right

to themselves not to pay the purchase money until the county court had made the proper and legal order of sale of infant's lands, makes this contract executory, unilateral, without consideration, and without time limit, and therefore merely amounted to an offer made by Jesse B. Thompson to sell the lands in controversy to the defendants in error and that the same was withdrawn prior to acceptance. It is not doubted that in case of pure option without consideration, the party giving the option may withdraw it at any time before performance. But the contract in the case at bar was not an option. An option is where one party gives another the right within a certain time to purchase a certain article. The very meaning of the word is that the purchaser has the option to take the property or not. If he elects not to take it, he cannot be held. See *Pollock v. Brookover*, 60 W. Va. 75, 53 S. E. 795, 6 L. R. A. (N. S.) 403; *Cummins v. Beaver*, 103 Va. 230, 48 S. E. 891, 106 Am. St. Rep. 881, 1 Ann. Cas. 986. But in the case at bar the defendants in error were bound absolutely by this contract to purchase the land. It was not an option, but an agreement of purchase and sale.

The argument of the plaintiffs in error that because the time of payment was withheld until the county court should order the sale of the minors' land makes the time of payment entirely indefinite, and as the county court may never order the sale that there is no time fixed within which defendants in error should pay the money. We think, however, that under any circumstances this would be construed to be a reasonable time, and the provisions of the contract in which Thompson binds himself to procure this order from the county court within a reasonable time, or within three months from the date of the contract, will be construed in connection with the provision of the contract in which the defendants in error fix the time of payment; that is, within a reasonable time, or within three months of the date of contract.

The case of *Graybill v. Brugh*, 89 Va. 895, 17 S. E. 558, 21 L. R. A. 133, 37 Am. St. Rep. 894, is relied on by plaintiffs in

error to establish the proposition that the contract and escrow deed in this case were not notice to Patterson, the purchaser from the Thompsons, and that he was not obliged to pay any attention to this agreement, although he had notice of it. The case is not in point considering the facts in this case. This was a case of pure option without consideration, and on page 898, of 89 Va., on page 559 of 17 S. E., on page 896 of 37 Am. St. Rep., the court say:

"The nominal consideration of $1 in the option, it is admitted, was never paid; and the option says: 'It is agreed by the parties hereto that there shall be no obligation upon the said E. J. Brugh by virtue of this agreement, unless within the period of * * * ten months he pays one-third of the purchase money.' He did not sign the option, and it did not bind him to do anything."

There is no authority where, as in the case at bar, the defendants in error had made an absolute contract to purchase the land, and their promise to pay the price was a consideration for the promise of the vendor to convey, nor in this case was there any such provision, as in the Graybill Case, that unless the purchaser paid one-third of the purchase money within 10 months, he should not be bound for anything. This was clearly a case of pure option without consideration. We have carefully examined the other cases cited in the brief of the plaintiffs in error, but none of them are authority that the seller has a right to terminate a contract of the kind under consideration here.

There being no reversible error in the record, we recommend that the judgment below be affirmed.

By the Court: It is so ordered.