## LAIR v. MYERS.

No. 8377—Opinion Filed Nov. 19, 1918.

(176 Pac. 224.)

(Syllabus.)

1. **Vendor and Purchaser — Bona Fide Purchaser—Discoverable Facts.**

A purchaser of lands, who has knowledge that another person claims some interest in the lands, is charged with all the knowledge an inquiry upon his part, prosecuted with reasonable diligence, would have disclosed.

2. **Words and Phrases—"Constructive Notice."**

Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself. Section 2926, Rev. Laws 1910.

3. **Quieting Title—Holding of Legal Title—Right of Action.**

A person who holds the legal title to land, though not in possession, may, independently of the statute, maintain a suit in equity to remove a cloud upon his title.

Error from District Court, Tillman County; John W. Hayson, Assigned Judge.

Suit to quiet title by J. H. Myers against J. L. Lair. Judgment for plaintiff, and defendant brings error. Affirmed.

Mounts & Davis and Chas. L. Moore, for plaintiff in error.

Geo. A. Ahern and O. H. Searcy, for defendant in error.

OWEN, J. J. H. Myers brought this suit against J. L. Lair, in the district court of Tillman county, to quiet title to certain described lots in the town of Frederick. The case was tried to the court, and judgment rendered quieting title in Myers.

The lots in controversy were unimproved and unoccupied, and both parties claimed title from the same source. The deed under which Myers claimed was the first executed but was not placed of record until after the deed to Lair had been recorded. It is urged that the judgment of the lower court should be reversed because, first, Lair was an innocent purchaser; second, the petition did not allege that Myers was in possession of the premises.

It is contended that Lair was an innocent purchaser merely because Myers' deed had not been recorded at the time Lair pur-

chased the lots. The uncontradicted proof is to the effect that Lair knew, when he purchased the lots, that Myers claimed some interest in them, but supposed he claimed as a mortgagee. This being true, Lair was not an innocent purchaser. Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have notice of the fact itself. Section 2926, R. L. 1910; Winsted v. Shank, 68 Okla. 269, 173 Pac. 1041; Daniels v. Tolon, 53 Okla. 666, 157 Pac. 756.

Knowing that Myers had some claim to the lots was sufficient to put Lair upon inquiry as to the extent of the claim. It does not appear that he made any such inquiry or investigation of any kind. Such inquiry would, no doubt, have disclosed that Myers claimed the lots under a warranty deed, although the deed at the time had not been placed of record.

It is urged that the petition does not state a cause of action, under the provisions of section 4927, Rev. Laws 1910, for the reason that it fails to allege plaintiff was in possession of the premises at the time the action was brought. This section of the statute was amended by chapter 10, S. L. 1910-11, permitting a person not in possession to maintain an action to quiet title jointly with an action for possession. But independent of the statute, it was held in the case of Levindale Lead & Zinc Mining Co. v. Fluke, 48 Okla. 480, 150 Pac. 481, that actual occupancy of the premises was not necessary in order to entitle plaintiff to maintain an action to remove a cloud and quiet title. In that case it was said:

"Section 4927, Rev. Laws 1910, does not take away any of the previously existing equitable remedies, and one who holds the legal title to land, though not in possession, may, independently of the statute, maintain a suit in equity to remove a cloud from the title to said land, when the same is not in the actual possession of any one."

This section of the statute appears to have been adopted from Kansas (section 594, Code Civ. Proc.), and prior to the adoption was under consideration before the Supreme Court of that state in the case of Grove v. Jennings, 46 Kan. 366, 26 Pac. 738, in an action to remove a cloud and quiet title. There the contention was made, as here, that

the petition was defective for failure to allege possession. That court said:

"Is possession necessary in an action to remove a cloud from a title? The doctrine is well settled that courts of equity will grant relief on the principle quia timet; that is, that the deed or other instrument or proceeding constituting the cloud may be used to injuriously or vexatiously embarrass or affect a plaintiff's title. Pom. Eq. Jur. § 1399. While there appears to be some conflict of opinion as to whether possession is necessary, we think the greater weight of authorities settles the question in favor of the proposition that, where a party out of possession holds the legal title under such circumstances that the law cannot furnish him adequate relief, his resort to equity to have a cloud removed ought not to be questioned because he may be out of possession of the land vacant. It is said that this was an action to quiet title, brought under section 594 of the Code of Civil Procedure, and that actual possession was a prerequisite at the time the action commenced. If this were true, counsel's position would be correct; but the action was not brought under section 594, and we do not understand that the statute in regard to quieting titles took away any of the previously existing equitable remedies. This case comes within a well-understood rule of equitable jurisprudence, and is independent of statutory regulations. The relief in such cases is of a kind given under the old practice only in courts of equity. * * * Under this equitable rule, a person who holds the legal title to land, though not in possession, may, independently of the statute, maintain a suit in equity to remove a cloud upon his title, and in such suit the court may decree the reformation or cancellation of records and the execution of deeds or releases. Hager v. Shindler, 29 Cal. 47: Thompson v. Lynch, Id. 189; Kennedy v. Northup, 15 Ill. 148; * * * Booth v. Wiley. 102 Ill. 84; * * * King v. Carpenter, 37 Mich. 363"

In the case of Christy v. Springs, 11 Okla. 710, 69 Pac. 864, the court, in construing section 4927 of the statute, said:

"The section quoted is not intended to give the right to bring an action to quiet title, for that existed previously, but to authorize an additional remedy to quiet the possession, and, of necessity, such possession must be an actual one."

The judgment of the lower court is, therefore, affirmed.

RAINEY, J., concurs in the conclusion. The other Justices concur, except TURNER and BRETT, JJ., not participating.