### TITTLE v. ROBBERSON et al.

No. 19372.   Opinion Filed May 6, 1930.

Sullivan & Rice, for plaintiff in error.

J. L. Vertrees, Anderson & Anderson, and Geo. N. Otey, for defendants in error.

LEACH, C.   This action was commenced in the district court of Stephens county by L. H. Tittle, as plaintiff, against Nora J. Robberson et al., wherein the plaintiff alleged, in part and in substance, in his petition, that he was the owner of the fee-simple title to 100 acres of land located in said county, which land was originally allotted to Sidney Frazier, a full-blood Choctaw Indian, who left surviving him his sole and only heir Jewel Opal Frazier, a daughter; that plaintiff acquired his title to the land by quitclaim deed from the daughter and only heir of the allottee under date of November 19, 1925; alleged that the defendants J. M. Robberson, Nora J. Robberson, and Geo. N. Otey claim some right, title, or interest in the land, the exact nature of which was unknown to the plaintiff, and prayed that he, plaintiff, be adjudged the legal and equitable owner of the lands described and awarded possession of the same, and that his title thereto be quieted.

The defendants by answer admitted that Jewel Opal Fraizer was the sole heir of the allottee of the land, and alleged that Nora J.

Robberson was the title holder and owner of the land involved; that she derived her title thereto by mense conveyance growing out of a guardian's sale of the land pursuant to order and confirmation of sale of the county court of Stephens county, Okla., and by guardian's deed issued thereunder and recorded February 2, 1909; further alleged and pleaded title to the land under and by virtue of a warranty deed executed by Jewel Opal Frazier after she attained her majority, and dated November 26, 1924, the same being executed to Geo. N. Otey in trust for the defendant Nora J. Robberson, who paid a consideration of $500 therefor; alleged that Nora J. Robberson, and those through whom she claimed title, had been in the open, notorious, and exclusive possession of the land for more than 15 years prior to the bringing of this action; alleged that plaintiff's title was champertous in that the parties thereto had not taken or received any rents or benefits from the land for more than ten years prior to the date of the deed, and further alleged that plaintiff's claim was barred by the statutes of limitation, section 183, C. O. S. 1921, and by cross-petition alleged the quitclaim deed held by plaintiff was void and a cloud on his title, and prayed that the same be canceled, and that their title to the land be quieted.

The plaintiff by reply alleged that the guardianship deed relied upon by the defendants, and the proceedings under which the same was issued, were void in that the county court of Stephens county never acquired jurisdiction to make the order of sale, and further alleged that the trust deed in favor of Geo. N. Otey was not recorded until after plaintiff had taken and recorded his deed; that he had no notice or knowledge of the Otey deed, and that he, plaintiff, purchased the lands and acquired his title thereto after examining the records of Stephens county, and relied on such records.

A jury was waived and the cause was tried to the court, who made certain findings of fact, and entered judgment against the plaintiff in favor of the defendants, adjudging Nora J. Robberson to be the title holder and owner of the land and quieting her title thereto.

After denial of motion for a new trial, the plaintiff brings this appeal and presents his assignments of error and argument thereon under one assignment; that is, that the judgment complained of is contrary to the law and the evidence.

It is first urged by the plaintiff that the

guardianship proceedings and the deed issued pursuant thereto are void on the ground that at the time the purported transfer of the guardianship proceedings from Johnston county to Stephens county, no authority existed for such transfer, citing Reynolds v. Brock, 122 Okla. 110, 250 Pac. 999; and for the further reason that at the time the petition for sale was filed in the county court of Stephens county, the lands were restricted, and the court had no jurisdiction to hear the same or make any order thereon, citing Dosar v. Hummell, 89 Okla. 152, 214 Pac. 718; LeFlore v. Steen, 123 Okla. 84, 251 Pac. 1022, and other cases.

In response to this contention, the defendants contend that the cases cited are not applicable, and say that the question raised need not be determined in order to sustain the judgment complained of, and submit as a counter proposition that the plaintiff's claim is barred by the statute of limitations.

In view of our further conclusions and holding herein, we deem it unnecessary to determine the question of the validity of the guardian's deed and as to whether plaintiff's claim is barred by limitations.

The trial court made certain findings of fact, the substance of which is as follows: That the defendant Nora J. Robberson was in open, exclusive, peaceable, and continuous possession of the land involved for more than five years next preceding the institution of this action; that, on February 1, 1909, the guardian of Jewel Opal Fraizer, under order and confirmation of sale of the county court of Stephens county, executed a deed covering the lands here involved to one W. P. Fowler; that Nora J. Robberson by mense conveyances became the legal owner of the title conveyed by and all rights growing out of such guardian's deed, which was recorded February 2, 1909; that on November 26, 1924, Jewel Opal Fraiser, joined by her mother, Ella Arron, executed a general warranty deed to the land involved in favor of Geo. N. Otey, which deed was taken in the name of Otey in trust for the use and benefit of Nora J. Robberson, who paid the consideration therefor; that on November 19, 1925, Jewel Opal Fraizier, for a consideration of $50, executed a quitclaim deed to the lands in question to the plaintiff, L. H. Tittle, and advised him she claimed no interest in the land; that the value of the land at the date of such deed was $3,000; that prior to the execution of such quitclaim deed, the grantor had theretofore conveyed by guardian and in person

all her right, title, and interest in the land, and had no interest therein at the date of such deed; that L. H. Tittle, at the time he purchased said quitclaim deed, had actual notice that Nora J. Robberson claimed said lands and was in possession thereof; that if he had made such inquiry as an ordinarily prudent person would have made under the circumstances, he would have learned that Nora J. Robberson claimed and held possession of the lands by virtue of the guardian's deed, also the warranty deed to Otey executed in the year 1924; that L. H. Tittle acquired his quitclaim deed with knowledge that it would be necessary to resort to litigation in order to sustain his claim thereunder; that the quitclaim deed was recorded prior to the Otey trust deed; that the grantor in such quitclaim deed had not been in possession of the lands, or taken or asserted any claim to the rents for a period of more than ten years preceding the execution of the deed in favor of the plaintiff; that the plaintiff had no knowledge of the Otey trust deed, but did have knowledge of facts sufficient to put him on notice of such deed other than the fact Mrs. Robberson was in possession of the land; that plaintiff relied in part only upon the public records of Stephens county in procuring his deed, and the court concluded, as a matter of law, that, if the title of Nora J. Robberson was not good by virtue of the guardian's deed, it was good by virtue of the warranty deed executed by Jewel Opal Fraizer and Ella Arron to Geo. N. Otey; that the plaintiff had legal notice at the time he procured his quitclaim deed of the rights, equities, and claims of Nora J. Robberson in the lands, and entered judgment against the plaintiff canceling his quitclaim deed as a cloud on the title of Nora J. Robberson and quieted her title to the land.

The plaintiff argues that the evidence of the defendants respecting the execution and procurement of the warranty deed from Jewel Opal Fraizer is unworthy of belief, but frankly concedes he was unable to procure any witness to dispute any of the statements made by the defendants.

From an examination of the record presented, we are of the opinion that the evidence warrants and reasonably supports the essential findings of fact by the trial court, and the findings are not against the clear weight of the evidence.

Plaintiff contends that the evidence is insufficient to warrant the finding to the effect that he had knowledge of facts sufficient to put him on notice of the Otey trust deed other than the fact that defend-

ant Robberson was in possession of the land.

Mrs. Arron, the mother of the grantor in the quitclaim deed, and who herself signed the warranty Otey trust deed, testified that at the time the plaintiff came to her house in Johnston county to procure the quitclaim deed from her daughter, Jewel Opal Frazer, she, the witness, stated to the plaintiff that the land had already been sold twice, and we think it clear from all the evidence that had the plaintiff made inquiry from his grantor, or from the defendant Robberson, respecting the title to the land, he would have been informed of the facts relating to the execution of the warranty deed by Jewel Opal Frazier to the defendant Otey.

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received." Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016; Lair v. Myers, 71 Okla. 175, 176 Pac. 225.

It is contended by the plaintiff that he had a right to rely upon the public records of Stephens county, and that since such records disclosed a void guardian's sales proceedings and deed issued thereunder, that he was not required to seek further information concerning the defendant's possession of the land or their claim of title thereto, and cites in support of such contention the rules announced in 27 R. C. L. 723, 39 Cyc. 1753, and cases there referred to. The text referred to recognizes that there are holdings to the contrary. It appears this court has decided adversely to plaintiff's contention.

In the case of Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366, a contention was made similar to that here presented by the plaintiff; there the plaintiff testified that he examined the records and found only a five-year lease contract in favor of defendant, which lease contract, according to the record, was in force and effect on the date he received his conveyance, and that the records failed to show any other instrument affecting said land at the date he purchased the same, and that he had no actual notice that defendant, the occupant, claimed to be the owner of the land or had received a conveyance of the same. The court there stated in the body of its opinion:

"* * * Notwithstanding the fact of the lease contract on record, which had not expired, plaintiff would be required, as a matter of law, to take notice by reason of defendant's possession of whatever right or interest defendant claimed in and to the land," —and in the third paragraph of the syllabus:

"The possession of real property carries with it the presumption of ownership, and it is the duty of those purchasing such property from others than those in possession, to ascertain the extent of their claims; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein."

A similar syllabus or rule of law is announced in Adams v. White, 40 Okla. 535, 139 Pac. 514; Hass v. Gregg, 52 Okla. 51, 152 Pac. 1126; Wilkinson v. Stone, 82 Okla. 296, 200 Pac. 196; McCormick v. Stonebraker, 133 Okla. 34, 270 Pac. 1098.

"It has been decided, in a long line of cases, that one who proceeds with knowledge of such facts as will put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith and is chargeable with actual notice. Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; Herbert v. Wagg, 27 Okla. 674, 117 Pac. 209. A multitude of cases could be cited to support this proposition, but it is so well settled as to become axiomatic that one who takes with notice of an equity takes subject to that equity." Thompson v. Wilkinson, 46 Okla. 115, 148 Pac. 177.

Since we are of the opinion that the findings of fact by the trial court are not against the clear weight of the evidence and are reasonably supported thereby, it must follow under the rule announced in the foregoing cases that the judgment of the trial court should be and the same is hereby affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Vendor and Purchaser," 39 Cyc. p. 1744, n. 85; p. 1747, n. 96; p. 1785. n. 11.