## ANTHIS v. SANDLIN et al.

No. 19973. Opinion Filed May 26, 1931.

Wilkinson & Smith, for plaintiff in error.

R. K. Robertson and E. W. Smith, for defendants in error.

CLARK, V. C. J. Plaintiff in error instituted this action in the district court of Creek county, Okla. The plaintiff in error will be hereinafter called plaintiff and the defendants in error will be called defendants, as the parties appeared in the court below. Plaintiff in his petition alleged that he was the owner and in the possession of the 40 acres of land described in his petition; pleaded a chain of title and also asked that certain instrument of record clouding his title be canceled.

Defendants answered, claiming title under a deed from plaintiff's grantor, made and executed to defendants, and also pleaded an option entered into by plaintiff's grantor, prior to plaintiff's deed, and that plaintiff had full knowledge of said option contract on the date that plaintiff took title to said premises. On the issues joined the court entered judgment for defendants, quieted their title and canceled plaintiff's deed.

Motion for new trial was filed and the cause brought here for review. The land in question was allotted to Tarpie Herrod, a restricted Creek Indian. The record discloses that on January 12, 1926, the restrictions on said land were removed effective 30 days from the date thereof; that on February 11, 1926, Tarpie Herrod executed an option to the defendants which gave the defendants the right to buy said premises at a stated sum within one year. On February 12, 1926, the defendant G. L. Sandlin filed in the office of the county clerk an instrument styled "Notice to the Public," which is in part as follows:

"State of Oklahoma, County of Okmulgee.

"To Whom it May Concern: You will take notice that I, G. L. Sandlin, have a contract with Tarpie Herrod for the purchase of the following described real estate situated in Creek county, state of Oklahoma, to wit:

"You are therefore warned not to purchase the same to attempt to acquire title thereto. Of all of which you will take due notice.

"Dated this 11th day of February, 1926.
"G. L. Sandlin."

Said notice was acknowledged before a notary public by G. L. Sandlin.

On the 15th day of February, 1926, plaintiff obtained a deed to said land from Tarpie Herrod and filed the same of record on the 15th day of February, 1926. On the 16th day of March, 1926, the defendants obtained a deed from Tarpie Herrod and filed the same of record on the 17th day of March, 1926.

The record further discloses that plaintiff at the time the deed was taken, February 15, 1926, had actual notice or information that the purported notice to the public was of record and in existence, and there is testimony in the record, which is disputed, that plaintiff was informed of the option contract.

The first question presented is, Did plaintiff have sufficient notice of the option contract to put him on inquiry? We think so. He had notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and having failed to make such inquiry with reasonable diligence, he is deemed to have notice of the fact itself. However, the notice filed for record was insufficient as constructive notice. Section 3537, C. O. S. 1921, defines "notice" as follows:

"Notice is either actual or constructive."

Section 3538, C. O. S. 1921, defines "actual notice" as follows:

" 'Actual notice' consists in express information of a fact."

In the case of Lair v. Meyers, 71 Okla. 175, 176 Pac. 225, this court said in the second paragraph of the syllabus:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

While this notice filed of record, when called to the attention of the subsequent purchaser, he will be deemed to have actual notice, but was insufficient as constructive notice for the reason it was not executed by any one within the chain of title.

This court, in the case of Perkins v. Cissell, 32 Okla. 827, 124 Pac. 7, in the third paragraph of the syllabus, held:

"A purchaser of the legal title to lands is not bound to take notice of a registered lien created by any person other than those through whom he is compelled to deraign his title."

We therefore hold that plaintiff had actual notice of defendants' option.

Plaintiff next contends that under the pleadings, the evidence, and law applicable to the facts, he should be adjudged to be the owner of the property.

The option contract provided in part that the allottee would, upon demand, on or before the 11th day of February, 1927, execute a deed to the defendants to the real estate in controversy for the sum of $1,000 payable in cash upon the exercising of said option upon both tracts of lands described in said option or $500 upon one tract. There is only one tract involved in this controversy. This option gave the defendant G. L. Sandlin the right to purchase the property on or before the 11th day of February, 1927.

An option is a contract by which the owner of property agrees that another shall have a right to buy it at a fixed price within a certain time. The owner does not sell the property, but sells the privilege to buy at the option of the other person. See McGregor v. Ireland (Kan.) 121 Pac. 358. An option conveys no title to the thing sold, but creates rights in personam, which may be again sold or assigned by the vendee. See Womack v. Coleman, 92 Minn. 328, 100 N. W. 9, 11.

An option contract to purchase is but a continuing offer to sell, and conveys no interest in the property. When such a contract is accepted it takes effect from the date of acceptance, and binds the grantor only to a conveyance of the property in its present condition.

In the case of Caldwell v. Frazier (Kan.) 68 Pac. 1076, improvements on the property burned after the option was given and before acceptance thereof, the grantor collected the insurance, and in the opinion, the court said:

"When the buildings upon the property in question were destroyed, Caldwell and Stevens had not availed themselves of the privilege under the option agreement, or, in other words, had not accepted the offer of the defendant in error. At that time they had acquired no interest in the real estate in controversy, or in the property destroyed. * * *

"An option contract conveys no estate or interest in the property. It is but a continuing offer to sell, which may be accepted by the holder thereof prior to a time usually fixed in the contract, and, like other contracts, when accepted takes effect from the date of its acceptance and not from the date of the offer."

In the case of Ide v. Leiser (Mont.) 24 Pac. 695, contracts of this character are discussed, and the court in that case said:

"There may be, first, a sale of lands: second, an agreement to sell lands, and third, what is popularly called an 'option.' The first is the actual transfer of title from grantor to grantee, by appropriate instrument of conveyance. The second is a contract to be performed in the future, and, if fulfilled, results in a sale. It is a preliminary to a sale, and is not the sale. Breaches, rescission, or release may occur, by which the contemplated sale never takes place. The third, an option, originally is neither a sale, nor an agreement to sell. It is simply a contract by which the owner of property (real estate being the species we are now discussing) agrees with another person that he shall have the right to buy his property, at a fixed price, within a time certain. He does not sell his land. He does not then agree to sell it, but he does then sell something, viz., the right or privilege to buy, at the election or option of the other party. The second party gets in praesenti, not lands or an agreement that he shall have lands, but he does get something of value; that is, the right to call for and receive lands if he elects. The owner parts with his right to sell his lands (except to the second party) for a limited period. The second party receives this right, or rather, from his point of view, he receives the right to elect to buy."

The owner of the property, grantor in the option, had a right to sell his interest in the lands after the execution of the option, to a third person, and the third person took title thereto subject to the option.

In the case of Elliott v. Delaney (Mo.) 116 S. W. 494, the court said:

"If such agreement is made in writing, and placed of record, * * * it would no doubt bind both the heirs and the administrator or executor of the party making it.

"The broad language used in the cases cited, to the effect, 'The owner parts with his right to sell his lands (except to a second party) for a limited period' should be considered as having reference to an unrestricted and absolute sale. They should not be construed to mean that there could not be a disposition of the owner's rights in the property, subject to the option contract. * * * Mrs. Sterling, therefore, had a fee interest subject only to the incumbrances. Her remaining rights, whatever they may be, we think she could sell and plaintiff could buy. When the plaintiff did buy, he became lessor of the defendant, and acquired such other rights as to the property as Mrs. Sterling had and could convey. * * * When the plaintiff took this deed with the provisions therein contained, he, as the assignee of Mrs. Sterling, accepted her shoes in so far as this land is concerned, and the incumbrances thereon created by the lease and option contract."

The defendants did not lose any of their

rights under the option by the conveyance of the property to plaintiff. They had their option to purchase the lands and could have exercised it by tendering to the plaintiff the consideration specified in the option and demanding deed to the property. The plaintiff had merely stepped into the shoes of the grantor and purchased the property subject to the option held by the defendant, and could have compelled them to deliver title to said property to defendants upon the defendants exercising their option and complying with the terms thereof.

The grantor, by the execution of the option, conveyed no interest in the real estate. Had the grantor died, the real estate would have vested in his heirs subject to the option held by defendants and defendants' right to exercise the same within the time specified in the option. Tarpie Herrod, not having parted with title when he executed the option on the date of the execution of the deed to plaintiff, was still owner of the land involved, and by the execution of the deed to plaintiff conveyed to plaintiff all his right, title, and interest in said real estate, subject to the option held by defendant.

Defendant P. M. Sandlin took the deed of March 16, 1926, to said land with full knowledge and notice that on the 15th day of February, Tarpie Herrod had conveyed to Ernest R. Anthis all his right, title, and interest in said real estate. Therefore, defendants acquired no right or right in said estate by virtue of the deed executed by Tarpie Herrod, on the 16th day of March, 1926, for the reason that Tarpie Herrod on the 15th day of February prior thereto had by warranty deed conveyed all interest that he owned in said real estate to plaintiff.

The court was in error in quieting title in the defendants. Plaintiff took said deed subject to the right of the defendant to exercise his option as provided in said option. The owner of the land, by execution of said option, conveyed no interest in the estate.

Judgment of the trial court is therefore reversed, with directions to grant the plaintiff a new trial and proceed in accordance with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY and KORNEGAY, JJ., dissent.