### MILLER et al. v. J. I. CASE THRESHING MACH. CO. et al.

No. 20076. Opinion Filed June 16, 1931.

J. A. Minton and E. F. Cornells, for plaintiffs in error.

Keaton, Wells, Johnston & Barnes, for defendants in error.

CLARK, V. C. J. This action was commenced in the district court of Beckham county by the plaintiffs in error, D. C. Miller, A. B. Miller, H. C. Garrett and Henry E. Dorrell, against defendant in error, J. I. Case Threshing Machine Company, a corporation, and E. M. Green, sheriff of Beckham county, to enjoin the defendants from selling certain lands of plaintiffs in error under execution.

The parties will be referred to as they appeared in the court below.

Amended petition alleged, in substance: That plaintiffs were the owners of the land therein described; that defendant J. I. Case Threshing Machine Company, on the 30th day of September, 1910, obtained a pretended judgment against William S. Hobbs et al. in district court of Beckham county; that plaintiffs purchased said lands without notice of any judgment lien thereon from C. S. Miller; that no notice appeared in the execution docket against the said C. S. Miller; that nothing showed that an execution had ever been issued against him. That by reason thereof the judgment became dormant as against plaintiffs; that a pretended praecipe filed August 12, 1925, was not signed by defendant nor by its attorneys; that pretended execution issued August 28, 1920, was never delivered to the sheriff of Beckham county or to a deputy, or anyone having authority to levy an execution; no return was ever made thereon, and it is void; that appeal to Supreme Court from the judgment of September 30, 1910, was taken, and affirmed on September 23, 1913 (39 Okla. 383, 135 Pac. 395), and the first day of the next term of court of Beckham county was first Monday of February, 1914, but plaintiff failed to issue execution thereon until September 25, 1915, more than a year from the first day of the following term following the filing of the mandate, and therefore the judgment is dormant as against plaintiffs herein; that defendants are threatening to sell the lands described therein to satisfy said pretended judgment; that if sold it will incumber the record to the irreparable injury and damage of plaintiffs, and plaintiffs have no adequate remedy at law; that defendant is guilty of laches; that practically four years have passed and defendant was apprised of said sale and purchase, and it has asserted no interest, claim, or lien upon said real estate and has thus acquiesced in said sale and transfer; has allowed plaintiffs to remain in peaceable possession, and make valuable, permanent, and lasting improvements thereon, and is therefore estopped at this late date from asserting any claim or lien upon said real estate: that C. S. Miller (from whom plaintiffs purchased said land), together with numbers of other defendants in which action said pretended judgment was obtained, owned real estate, etc., sufficient to satisfy said pretended judgment; all of which defendant knew, but defendant failed, neglected, and refused to levy upon the real estate, etc.; that defendant could have used a writ of discovery in aid of its executions: this was never invoked by defendant; that by reason thereof the judgment has become dormant and unenforceable as against plaintiffs; prayed that defendants be restrained and enjoined from selling or further molesting the lands of plaintiffs. The petition was duly verified. Copies of deeds, journal entries of judgment in cause No. 214 and praecipes for execution,

and executions, and mandate of this court are attached as exhibits thereto.

Defendant J. I. Case Threshing Machine Company filed answer and alleged this is an action in equity; and the court does not have jurisdiction to hear and determine the issues, for the reason plaintiffs have a full, adequate, and complete remedy at law by motion to recall the execution; further denied the allegations of the petition; admitted the execution of the deeds; denied plaintiffs purchased the lands for valuable consideration in good faith and without notice of the judgment; alleged the securing of the judgment against C. S. Miller and others, September 30, 1910; that at all times the cause was entitled J. I. Case Threshing Machine Co., a Corporation, v. Wm. S. Hobbs et al.; that C. S. Miller acquired the lands in question on May 20, 1921, and on March 1, 1921; that the judgment lien of defendant attached to said real estate; that the judgment was entered on judgment docket on September 30, 1910, against C. S. Miller and cojudgment debtors; and thereafter at various times executions issued, as named in answer; prayed that the temporary restraining order be dissolved.

Answer was filed by E. M. Green, sheriff of Beckham county, alleging he received the execution dated February 21, 1928, and failing to locate goods and chattels of judgment debtors, he proceeded to seize and levy upon lands described in the petition as the property of C. S. Miller, or property which was subject to the lien; prayed that no judgment be taken against him, and that the court make all proper orders directing his further proceedings.

Judgment was entered for defendants dissolving temporary injunction. Motion for new trial filed. Overruled. Plaintiffs bring the cause here for review.

By agreed statement of facts the judgments, mandate, praecipes for executions and executions in case No. 214, in which the judgment was rendered against the said C. S. Miller, grantor of plaintiffs in error, together with deeds from C. S. Miller to plaintiffs in error, were admitted in evidence, and show, in substance:

That judgment was rendered in cause No. 214, entitled J. I. Case Threshing Machine Co., a Corp., v. W. S. Hobbs et al., district court, Beckham county, on the 7th day of March, 1910, against Elizabeth Hobbs; and thereafter in the same cause of action on the 30th day of September, 1910, judgment was rendered against the defendant, C. S. Miller (and others).

That judgment against Elizabeth Hobbs in said action was affirmed by this court and mandate filed of record on December 13, 1913, in the office of district court, Beckham county.

Praecipe for execution naming the defendant, C. S. Miller (and others), dated September 9, 1915, filed by attorneys for plaintiff on said date.

Execution issued September 25, 1915, naming in the execution the defendant, C. S. Miller (and others). Returned by sheriff November 25, 1915, showing no property found in county.

Praecipe for execution filed August 28, 1920, showing the name C. S. Miller (and others).

Execution issued August 28, 1920, showing name C. S. Miller (and others). Return of sheriff is unsigned and indorsement across the back of the execution is as follows: "No property found."

That C. S. Miller purchased a part of the land in question by deed dated March 1, 1921, recorded March 16, 1921.

That C. S. Miller purchased a part of the land in question on the 20th day of May, 1921, by patents from Commissioners of Land Office of Oklahoma. Patents filed for record May 25, 1921."

The deeds introduced show that C. S. Miller deeded the lands to plaintiffs in error as follows:

H. C. Dornell, deed dated Jan. 22-24, recorded 2-11-24.

D. C. Miller, deed dated Jan. 22-24, recorded 2-11-24.

A. B. Miller, deed dated Jan. 22-24, recorded 2-11-24.

H. C. Garrett, deed dated Jan. 28-28, recorded 2-1-28

Praecipe for execution filed August 12, 1925, showing therein C. S. Miller (and others). This praecipe is not signed by any parties.

Execution was issued August 12, 1925, showing therein the name of C. S. Miller (and others). Return of sheriff filed October 12, 1925, showing nothing found.

Execution issued by the clerk, on the 19th day of May, 1927, showing therein the name of C. S. Miller (and others). Returned by sheriff and filed the 29th day of October, 1927, showing nothing found. (No praecipe for this execution is shown in the record.)

Execution issued on the 17th day of December, 1927, showing therein the name of C. S. Miller (and others). Returned by sheriff and filed January 30, 1928, showing returned for lack of time. (No praecipe shown in record for this execution.)

Praecipe for execution filed February 21, 1928, directed the clerk to issue execution

in the above cause, not giving names of debtor No. 214.

Execution issued thereon February 21. 1928, setting the name of C. S. Miller (and others). Returned by sheriff and filed 19th day of April, 1928, showing return as follows:

"Received the within writ on the 21st day of February, 1928, at two o'clock p. m. executed on the 27th day of February, 1928, at five o'clock p. m. by summoning three appraisers. Advertised in the Sayre Headlight to be sold on April 17, 1928. On April 17, 1928, sale was stopped by injunction."

The agreed statement of facts states that the judgment docket showed as follows:

"No. 214, date of judgment 9-30-1910, date of entering 9-30-1910,

"Judgment debtor, C. S. Miller et al.

"Judgment creditor, J. I. Case Threshing Machine Co.,

"Amount of judgment, $1147.24.

"Journal Entry 2-416,

"Appearance docket 1-214."

The execution docket showed as follows:

"No 214, judgment debtor, William S. Hobbs and Elizabeth Hobbs:

"Judgment creditor, J. I. Case Threshing Machine Co.

"Date of judgment 9-30-1910.

"Amount of judgment $1147.24; costs $169.90;

"Date of execution 9-25-15.

"Name of county to which issued, Beckham county:

"Sheriff's return: Returned 11-18-15 'No property found'.

"And the issuance of another execution on 8-28-20. Returned December 31, 1920, 'No property found.'

"Another execution issued 8-12-25, returned October 12-1925, 'Nothing found.'

"Another execution issued as shown by said execution docket as follows: No. 214, judgment debtor Wm. S. Hobbs, et al., judgment creditor J. I. Case Threshing Machine Company;

"Date of judgment 9-30-1910. Amount of judgment $1147.24.

"Date of execution 5-19-27. Name of county to which issued, Beckham county. Sheriff's return: 'Returned not served.' 1-30-28.

"Another execution issued 2-21-28. Returned May 2-1928 'Sale stopped by injunction'."

Witness V. I. Johnson testified that he was one of the attorneys for plaintiff in cause No. 214, handled the issuing of execution on August 10, 1925. Mailed clerk check and praecipe for the execution and received notice from clerk execution issued August 12, 1925.

Plaintiffs in error contend that the court erred in not finding that the execution docket was insufficient to put them upon notice that there was a subsisting and valid judgment lien against the lands of C. S. Miller; and in not finding that defendant in error was guilty of laches; and further, in not finding that the defendant in error acquiesced in the sale and transfer of said real estate from C. S. Miller to them; and in not rendering judgment for them.

Section 3538, C. O. S. 1921, defines "actual notice" as follows:

"Actual notice consists in express information of a fact."

Section 3539, C. O. S. 1921, defines "constructive notice' as:

"Constructive notice is notice imputed by the law to a person not having actual notice."

Section 3540, C. O. S. 1921, provides:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

In the case at bar judgment was rendered against one C. S. Miller, grantor in the deeds to plaintiffs in error in 1910, and was duly entered on the judgment docket, and was thereafter a lien on the property of C. S. Miller for a period of five years from the date of the judgment. Thereater, an execution was issued in the case within five years, which extended the judgment for another period of five years, and thereafter and within this five-year period another execution was issued. That within the next year after the issuing of the second execution the said C. S. Miller purchased the lands in question and held the land in his name for nearly three years, and sold the same to the plaintiffs in error, who held the lands for four years, when levied upon by the defendants in error, except the plaintiff in error H. C. Garrett, who purchased a part of the property from C. S. Miller only about 30 days before the same was levied upon by the defendants in error.

The plaintiffs in error had constructive notice of the judgment against their grantor; and notice that executions had been issued in the case, and by making inquiry into the files of the case could have discovered that

their grantor was named in the execution, and thereby would have discovered that the judgment was not dormant, and they are thereby bound by what would have been learned from such inquiry.

In Lair v. Myers, 71 Okla. 175, 176 Pac. 225, first and second paragraphs of syllabus, this court said:

"A purchaser of lands, who has knowledge that another person claims some interest in the lands, is charged with all the knowledge an inquiry upon his part, prosecuted with reasonable diligence, would have disclosed.

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

And in the case of Tittle v. Robberson, 143 Okla. 97, 287 Pac. 1011, this court said:

"It has been decided, in a long line of cases, that one who proceeds with knowledge of such facts as will put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith and is chargeable with actual notice."

The contention that defendant in error was guilty of laches is without merit. The lien of defendant in error existed as long as the judgment was in force against any property owned, or thereafter acquired, by the judgment debtor, and the purchasers acquired the same subject to such valid lien.

Section 695, C. O. S. 1921, provides:

"If execution shall not be sued out within five years from date of any judgment that now is or may hereafter be rendered, in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor: provided, that this section shall not apply to judgments against municipalities."

The contention that defendant in error acquiesced in the sale of the lands to plaintiffs in error is without merit. The defendant in error kept its lien in force as provided by law. Execution was gotten out in 1920, before C. S. Miller purchased the land in question in 1921, and this retained the lien until in 1925, and a part of the plaintiffs in error purchased a part of the property between the issuance of the execution in 1920 and the issuance of the execution in 1925, and one of the plaintiffs in error purchased a part of the lands only a short time before the last execution. The judgment creditor did all that was required of it to do to retain its lien, and there is no evidence that it waived its lien.

The defendants in error raise the question that plaintiffs in error had an adequate remedy at law, and that the powers of a court of equity cannot be invoked herein, and cite the case of Crist v. Crosby, 11 Okla. 635, 69 Pac. 885, where in the second and fourth paragraphs of the syllabus this court said:

"If property is wrongfully levied upon, the party interested must proceed in the court from which the execution issued, to have the levy discharged, and cannot obtain the desired relief by injunction in a separate action."

"A party claiming an interest in property levied upon under an execution, has an adequate remedy at law, by way of motion, to have the property released from the levy."

In the case of Worley v. Mundell, 123 Okla. 237, 253 Pac. 42, this court said, at page 240, of the Okla. Reports:

"It appears from all the authorities that no hard and fast rule can be stated applicable to all cases, but that in each case it must be determined from all the facts and circumstances as to whether or not there is an adequate remedy provided by law, and if so, it must be followed, and if not, equity may be invoked to prevent irreparable injury."

The court below did not make findings of fact, but rendered a general judgment dissolving the temporary injunction.

In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside, unless against the clear weight of the evidence; and, where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general judgment. Crutchfield v. Griffin, 139 Okla. 35, 280 Pac. 1075.

A review of the entire record does not disclose that the trial court erred.

Judgment is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. SWINDALL and ANDREWS, JJ., absent.