**TENNECO OIL COMPANY, a Corporation, Plaintiff in Error,**

**v.**

**HUMBLE OIL & REFINING COMPANY, a Corporation, Defendant in Error.**

**No. 41772.**

Supreme Court of Oklahoma.

Jan. 7, 1969.

Baker H. Melone, of Miller, Melone, Wilson, Adams & Spencer, Oklahoma City, for plaintiff in error.

Albert C. McClain, Richard W. Fowler, Oklahoma City, for defendant in error; Fowler, Rucks, Baker, Jopling, Gramlich & Mee, Oklahoma City, Sparks, Boatman & Rizley, Woodward, of counsel.

LAVENDER, Justice.

This appeal involves the following question: Where actual notice of the prior

existence of an oil and gas lease is imparted to one seeking to also obtain such a lease does the latter exercise "reasonable diligence" in inquiring as to the continued effectiveness of such lease where he limits his inquiry to questioning the intended lessor as to any outstanding leases? The trial court in effect answered such question in the negative. Under the circumstances herein we agree.

This action was commenced in the court below by the Humble Oil and Refining Company, as plaintiff, against Tenneco Oil Company, defendant. The parties will be referred to by name or as they appeared in the trial court. The plaintiff alleged that it was the present owner of all of the rights of the original lessee in one certain oil and gas lease covering an undivided three-sixteenths interest in the oil, gas and other minerals in and under the Southeast Quarter of Section 32, Township 16 North, Range 15 West, Dewey County, Oklahoma. Plaintiff's lease was executed September 30, 1959, but was not filed of record until January 16, 1964. On January 5, 1960, an assignment of that lease was filed for record and the original lease was described by reference to its parties and date.

On July 13, 1962, the lease which plaintiff sought to cancel in this action was executed and delivered to defendant. It was executed by the same lessor as was plaintiff's lease and of course, covered the identical property and interest. According to the evidence defendant was aware of the recorded assignment of plaintiff's oil and gas lease at the time it paid the consideration for its lease.

The parties stipulated that both leases were supported by consideration and all payments called for in both instruments had been made. They further agreed that at all pertinent times involved here the parties to the assignment, filed January 5, 1960, both maintained offices in Oklahoma City and were listed in the telephone and city directories of that city. The assignor of the assignment was the original lessee of plaintiff's lease and the assignee was plaintiff's immediate predecessor in title.

According to the evidence defendant's agent, although informed of the existence of the assignment of an oil and gas lease on record, limited his "inquiry" to telephoning the president of his proposed lessor and inquiring if there was any outstanding lease on the subject property. The lessor-corporation president informed defendant's employee that to the best of his knowledge there were no other leases on the property and for defendant to go ahead and mail the proposed lease for signature—that he would check in the meantime and if there was any outstanding lease defendant's lease would be returned unsigned and the draft attached to it would not be endorsed. Defendant's agent followed these directions and the draft was thereafter paid and the defendant's oil and gas lease executed by lessor and delivered to the defendant.

Title 25 O.S.1961, § 13 is particularly appropriate, it provides:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

In the early case of Cooper v. Flesner et al. (1909), 24 Okl. 47, 103 P. 1016, 23 L.R.A.,N.S., 1180, this court treated the notice now provided for in the above statute as being implied actual notice, and in its syllabus to that case restated the rule of the statute, as applied to land transactions, in the following language:

"One who purchases land with knowledge of such facts as would put a prudent man upon inquiry, which, if prosecuted with ordinary diligence, would lead to actual notice of rights claimed adversely to his vendor, is guilty of bad faith if he neglects to make such inquiry, and is chargeable with the 'actual notice' he would have received."

The rule is stated in the same way in Herbert v. Wagg et al. (1910), 27 Okl. 674, 117 P. 209, and in Tittle v. Robberson et al.

(1930), 143 Okl. 97, 287 P. 1011, 1013, and in substantially the same way in Lair v. Myers (1918), 71 Okl. 175, 176 P. 225; Miller et al. v. J. I. Case Threshing Machine Co. (1931), 149 Okl. 281, 300 P. 399; Galer Oil Co. v. Pryor (1935), 172 Okl. 302, 47 P.2d 97, and Stevens v. Patten et al. (1935), 174 Okl. 582, 50 P.2d 1106. The rule is also stated in the words of the statute in the court's syllabi to Lair v. Myers, supra, and Stevens v. Patten et al., supra, and (citing the Lair case) in the body of the opinion in Anthis v. Sandlin et al. (1931), 149 Okl. 126, 299 P. 458.

In the Anthis case, the Indian allottee of the land in question had, on February 11, 1926, executed to Sandlin and the other defendants in that action an option which gave them the right to purchase the land for a stated sum within one year, which was not filed for record. On February 12, 1926, Sandlin filed for record a "Notice to the Public," executed by him, which notified the public that he had a contract with the allottee to purchase the land (describing it) and warned them not to purchase the land or attempt to acquire title thereto. On February 15, 1926, the plaintiff, Anthis, obtained a deed from the allottee and filed it for record on the same day. At the time of acquiring his deed, the plaintiff had actual notice or information that Sandlin's notice to the public was of record and in existence. The defendants obtained a deed from the allottee on March 16, 1926, and filed it for record the next day. In upholding the defendants' title, this court, citing Perkins v. Cissell et al. (1912), 32 Okl. 827, 124 P. 7, held that, since the notice to the public was not executed by any one in the record chain of title, the record thereof did not, of itself, constitute constructive notice that Sandlin had, or claimed to have, an option to purchase the land, but also held that, under the implied actual notice rule stated in the Lair case, the plaintiff was charged with actual notice of such option because of his actual knowledge concerning Sandlin's recorded notice to the public and his failure to make any inquiry concerning Sandlin's rights, if any.

Although actual knowledge of an instrument that was not in the record chain of title was not involved in the Lair, Tittle, and Galer Oil Company cases, the situations presented in those cases were comparable to the situation in the Anthis case, in that, in each case, the subsequent purchaser had actual knowledge of facts or circumstances which would put a reasonably prudent man on notice of prior claims but failed to make reasonable inquiry concerning such claims. In each case, the subsequent purchaser was held to be charged with actual notice of the facts which he would have learned by reasonable inquiry.

■ In the present case, the parties agree that the recorded lease assignment did not, of itself, constitute constructive notice of anything, since it was not in the record chain of title. As we understand it, the parties also agree that the defendant's actual knowledge that such assignment was of record, gained through notice to its responsible employee, was sufficient to put the defendant upon inquiry concerning the lease mentioned therein. Their only dispute concerns the application of the law to the undisputed facts in the case. The plaintiff contends that, with such knowledge, a reasonably prudent man would have made inquiry of the assignee, if at all possible, instead of relying upon the statement by the president of the grantor-corporation that, to the best of his knowledge, there was no prior lease but, if he found out that there was a prior lease, the lease form and draft submitted to him by the defendant would not be processed. The defendant argues that, in the circumstances, it would not have been prudent to inquire of one of its competitors if it had such a lease, because, if it did not, then it would know that the defendant was interested in obtaining such a lease, so that, in the circumstances, the defendant acted in good faith in directing its inquiry to the owner of the mineral interest involved. The judgment of the trial court, in effect, that defendant failed to exercise reasonable diligence finds support in the record.

In a case of equitable cognizance, this court will examine the whole record and weigh the evidence and affirm the judgment of the trial court unless clearly against the weight of the evidence or contrary to law or established principles of equity [Murdock v. Loeffelholz (1966), Okl., 421 P.2d 236]. Certainly, the judgment of the trial court is not contrary to law, and no contention is made that it is contrary to any established principle of equity. We have examined the entire record and cannot say that the trial court's conclusion that the defendant was, at the time it purchased and paid for its lease, charged with notice of the existence of the oil and gas lease under which the plaintiff claims, or its judgment based thereon in favor of the plaintiff, is clearly against the weight of the evidence.

Judgment affirmed.

All the Justices concur.